File Name: 07a0781n.06
Filed: November 7, 2007

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 06-2028

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

KENTRELL O'DANIELS,

     Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF MICHIGAN

_____ /

Before:     MARTIN, GIBBONS, and SUTTON, Circuit Judges.

     BOYCE F. MARTIN, JR., Circuit Judge.  Defendant Kentrell O'Daniels pled guilty to possession of more than fifty grams of crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A)(iii). He now appeals his sentence, arguing that it is both procedurally and substantively unreasonable. For the following reasons, we AFFIRM his sentence.

I.

     On August 23, 2005, members of the Straits Area Narcotics Enforcement Team executed a controlled purchase of crack cocaine from a residence in Sault Ste. Marie, Michigan.  The next day, another controlled purchase was made from this residence.  After this second purchase, the police obtained and executed a search warrant.  Inside the residence, detectives found 928 grams of

marijuana, 58.6 grams of crack, and 55.2 grams of powder cocaine. Kentrell O'Daniels, the defendant-appellant, and Tredis Lazaell O'Daniels, a co-defendant, lived at the residence.

On November 14, 2005, a federal grand jury returned an indictment charging Kentrell O'Daniels with conspiracy to distribute and possession with intent to distribute marijuana, cocaine, and 50 or more grams of crack cocaine. On March 21, 2006, the government filed a superseding felony information charging O'Daniels with a single count of possession with intent to distribute 50 or more grams of crack. The same day, O'Daniels pled guilty to the charge in the superseding information.

A Presentence Investigation Report was compiled before O'Daniels's sentencing. That report lists two prior criminal episodes for which he was convicted and received criminal history points under the guidelines: (1) delivery of cocaine, for which he received 40 to 240 months; and (2) possession of a firearm while committing a felony, carrying a deadly weapon with intent to do great bodily harm less than murder, and assault with intent to do great bodily harm less than murder, for which he received sentences of 24 months, 42 to 90 months, and 42 to 180 months, respectively.

The Report calculated O'Daniels's base offense level two ways: (1) for violation of 21 U.S.C. § 841(b)(1)(A)(iii) under Sentencing Guideline § 2D1.1 (c)(4); and (2) as a career offender under Sentencing Guideline § 4B1.1. Under the first calculation, O'Daniels's base offense level under § 2D1.1 (c)(4) was 32 for "[a]t least 50 G but less than 150 G of Cocaine Base." The report then recommended a two-level deduction for acceptance of responsibility and a one-level deduction for entering a guilty plea, resulting in a total offense level of 29. However, instead of using this offense level, the report re-calculated O'Daniels's sentence as a career offender under § 4B1.1 of the

guidelines. Because violation of 21 U.S.C. § 841(b)(1)(A)(iii), for which O'Daniels was convicted, carries a maximum penalty of life in prison, under § 4B1.1 of the guidelines, O'Daniels's base offense level was 37. Because this number "is greater than the offense level otherwise applicable," it trumped the initial base level of 32. U.S.S.G. § 4B1.1(b). Applying the three-level reduction for acceptance of responsibility and pleading guilty, the report ultimately recommended a total offense level of 34.

The report also calculated O'Daniels's criminal history category. Without taking into account his status as a career offender, O'Daniels's past convictions resulted in 13 criminal history points, placing him in criminal history category VI. When calculated as a career offender, § 4B1.1 requires the same criminal history category of VI be used. Thus, under the career offender calculation ultimately recommended by the report, O'Daniels's total offense level was 34 and his criminal history category was VI, resulting in a guidelines range of 262-327 months' imprisonment.

Before his sentencing hearing, O'Daniels filed a sentencing memorandum which asked for a downward variance from the guidelines range recommended in the report. In his memorandum, O'Daniels raised the following arguments for a downward departure: (1) the drug weight was at the low end of the 50 grams to 150 grams range for sentencing; (2) O'Daniels's good character as evidenced by letters of support from family and friends; (3) the 100:1 ratio between powder cocaine and crack cocaine is irrational and does not meet the purposes of 18 U.S.C. § 3553;[1] (4) O'Daniels's

---

[1]18 U.S.C. § 3553. Imposition of a sentence
(a) Factors to be considered in imposing a sentence. The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. . . .

motive was strictly financial, and no drug use was supported by his crime; (5) the effective doubling of the recommended sentence due to O'Daniels's career offender status is inequitable; (6) O'Daniels's career offender status overstates his personal risk of recidivism; (7) O'Daniels's incarceration would be costly to taxpayers; (8) O'Daniels's tragic background and upbringing; (9) O'Daniels's family responsibility to his child; (10) O'Daniels's past drug use and need for additional treatment; and (11) O'Daniels's cooperation with the government.

At sentencing, the government moved for a two-level downward departure of O'Daniels's offense level for substantial assistance. The district court granted the motion, resulting in an offense level of 32 with a criminal history category of VI, and a new guidelines range of 210 to 262 months imprisonment. The district court proceeded to sentence O'Daniels to 210 months imprisonment.

II.

O'Daniels's primary argument is that because the district court failed to address his arguments for mitigation during sentencing, his sentence is both procedurally and substantively unreasonable.

This Court reviews a district court's sentencing determination for reasonableness, *United States v. Thomas*, 498 F.3d 336 (6th Cir. 2007) (citing *Rita v. United States*, 127 S.Ct. 2456, 2459

---

(2) the need for the sentence imposed –
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(2007)), which, this Court has determined "has both substantive and procedural components," *Id.* (quoting *United States v. Jones*, 489 F.3d 243, 250 (6th Cir. 2007)). "The Supreme Court's recent decision in *Rita v. United States* reinforces our conclusion that reasonableness review requires us to inquire into both the length of the sentence and the factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *Id.* (internal quotation marks and citations omitted). After *Rita*, it is incumbent upon the sentencing judge to "satisfy the procedural requirement of 'set[ting] forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority.'" *United States v. Liou*, 491 F.3d 334, 338 (6th Cir. 2007) (quoting *Rita*, 127 S. Ct. at 2468). This Court reviews the district court's decision to "ensure (1) that the sentencing judge adequately considered the relevant § 3553(a) factors and clearly stated his reasons for imposing the chosen sentence, and (2) that the sentence is substantively reasonable." *Id.* at 339 (footnote omitted). Although "[t]he amount of reasoning required varies according to context," *id.* at 338, "we will vacate a sentence if the 'context and the record' do not 'make clear' the court's reasoning," *id.* at 339 n. 4 (quoting *Rita*, 127 S. Ct. at 2469).

III.

1.      *O'Daniels's sentence was procedurally reasonable.*

O'Daniels argues that the district court's sentencing determination was procedurally unreasonable because the district court did not adequately set forth reasons for imposing O'Daniels's sentence. The sentencing transcript makes clear that the district court considered O'Daniels's status as a career criminal offender and referenced his background, drug use, and inability to get a job. The

district court noted that growing up in a "tough, tough circumstance . . . is still not an excuse, at least as far as the law is concerned." The court also noted the need to "get [O'Daniels] away from drugs and to obtain substance abuse treatment at the Bureau of Prisons." Finally, the court stated that while "it is probably difficult coming out of prison to get a job, . . . that's not an excuse as far as the law is concerned . . . ."

As described above, O'Daniels raised numerous arguments regarding application of the § 3553(a) factors in his sentencing memorandum, and not all of those arguments were specifically addressed by the district court. However, we do not require district courts to explicitly address every argument made by a defendant for a lower sentence. *See United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) ("A sentencing judge has no more duty than we appellate judges to discuss every argument made by a litigant; arguments clearly without merit can, and for the sake of judicial economy should be passed over in silence." (internal quotation marks omitted)). While the district court did not expressly address O'Daniels's sentencing memorandum, as we wish he would have for a more complete record, we cannot say that the district court did not sufficiently articulate its reasons for O'Daniels's sentence such that reasonable appellate review is impossible. On the contrary, it appears the district court took into account the § 3553(a) factors and adequately explained why it chose the sentence it did. *See id.* ("[W]e will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." (quoting *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006)).

2.      *O'Daniels's sentence was substantively reasonable.*

"A sentence may be substantively unreasonable where the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Jones*, 489 F.3d 243, 252 (6th Cir. 2007) (internal quotation marks, citations and alterations omitted). Because O'Daniels was sentenced within the applicable Guidelines range, his sentence is credited with a "rebuttable presumption of reasonableness." *Rita*, 127 S. Ct. at 2462; *see also United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006).

O'Daniels argues that his 210-month sentence is substantively unreasonable because it does not fulfill the purposes of sentencing as outlined in the Sentencing Reform Act and § 3553(a)(2). According to O'Daniels, the disparity in sentencing for crack cocaine offenses as compared to powder cocaine offenses is unconstitutional and flies in the face of the purposes of sentencing. However, because of O'Daniels's status as a career offender, the 100:1 crack cocaine ratio did not affect his sentence. If O'Daniels had not been sentenced as a career offender, the 100:1 crack cocaine ratio would be before us. But here, where the ratio played no role under the guidelines in his sentence, it does not appear that his argument holds water.

IV.

For the foregoing reasons, we AFFIRM O'Daniels's sentence as both procedurally and substantively reasonable.