NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0233n.06
Filed: March 27, 2009

No. 07-5429

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| CHARLES MICHAEL ROCHON, | ) | THE EASTERN DISTRICT OF |
| | ) | KENTUCKY |
| Defendant-Appellant. | ) | |

BEFORE: KETHLEDGE and WHITE, Circuit Judges, and POLSTER, District Judge.*

**WHITE, CIRCUIT JUDGE.** Charles Rochon challenges as unreasonable the district court judgment sentencing him to 240 months' imprisonment and lifetime supervised release upon his plea of guilty to three of eight counts of an indictment charging him with possession and distribution of child pornography. We AFFIRM.

I.

On July 25, 2006, believing that a residence in Kentucky contained child pornography, Federal Bureau of Investigation (FBI) agents executed a search warrant and found Rochon at home. Rochon agreed to talk with the agents, and told them that he had been accessing child pornography websites for approximately one year, and that he had posted at least fifty different videos online. The agents recovered his computer, which revealed that Rochon was in possession of over 400 videos and 1,000 images containing child pornography. Rochon admitted to the agents that he had sexual urges relating to children, but claimed that he had not acted on those urges. Although Rochon denied

---

*The Honorable Dan Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

1

producing any of the pornography, he admitted that he had cut the mouths out of photographs taken of his cousins when they were young girls, had pasted the photos onto pornographic pictures, and then had used the images to imagine receiving oral sex from them. Rochon expressed relief at having been apprehended by the agents.

Rochon was charged with seven counts of knowingly distributing child pornography in violation of 18 U.S.C. § 2252(a)(2), and one count of knowingly possessing child pornography in violation 18 U.S.C. § 2252(a)(4)(B). The district court accepted Rochon's guilty plea to two counts of violating § 2252(a)(2) and one count of violating § 2252(a)(4)(B).

The probation department prepared a presentence investigation report (PSR), which included application of the sentencing guidelines. Rochon's convictions resulted in a base offense level of 22 (U.S.S.G. § 2G2.2). Increases of two levels for images involving prepubescent minors (U.S.S.G. § 2G2.2(b)(2)), five levels for distributing images in return for something of value (U.S.S.G. § 2G2.2(b)(3)(B)), four levels for sadistic or violent images (U.S.S.G. § 2G2.2(b)(4)), two levels for using a computer to store or distribute the images (U.S.S.G. § 2G2.2(b)(6)), and five levels because the offense involved 600 or more images (U.S.S.G. § 2G2.2(b)(7)(D)) were added. Rochon received a three-level downward adjustment for his acceptance of responsibility (U.S.S.G. § 3E1.1(a), (b)), resulting in a total offense level of 37. The PSR awarded Rochon two criminal history points, resulting in a criminal history category of II. The intersection of offense level 37 with criminal history category II resulted in a guidelines range of 235 to 293 months.

At the sentencing hearing, the district court adopted the findings and calculations contained in the PSR. The district court noted that "it's the job of the Court under Title 18, Section 3553, to impose a sentence that's sufficient but not greater than necessary to serve the statutory purposes that are outlined in Subsection (a)(2)." The court discussed "the history and characteristics of the defendant," and stated that Rochon did not have a substantial criminal history and did have past employment. The court noted, however, that it is not uncommon for defendants in child pornography cases to have no criminal history and "a relatively good work history." The district

court also considered the nature and circumstances of Rochon's offense, and described it as "a sickness, and it's one that becomes worse the longer that they expose themselves to these websites, it just builds upon itself." The court considered the seriousness of the offense, and the need to promote respect for the law and to provide for a just punishment, determining "that a sentence within the guideline range . . . would do that." Lastly, the court considered "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," and stated "that in a case such as this the court would typically impose a guideline sentence but typically at the upper end of the range. In this particular case, I believe that a sentence more toward the bottom of the range would be sufficient but not greater than necessary to serve the statutory purposes that I have just outlined." The district court recommended sex offender treatment for Rochon, and sentenced him to two terms of 240 months' imprisonment for distributing child pornography, and one term of 60 months' imprisonment for possessing child pornography, to run concurrently. The court also ordered that Rochon be placed on supervised release for life following his release from custody.

II.

On appeal, Rochon asserts that a 240-month sentence for distribution of pornographic images is substantively unreasonable in light of the § 3553 factors and Rochon's insignificant prior record, and that the imposition of supervised release for life is unreasonable and constitutes plain error.

1.      **Reasonableness of Rochon's Sentence**

As a result of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the sentencing guidelines are advisory, rather than mandatory, and appellate review of a sentencing decision is limited to determining whether the sentence is reasonable under an abuse-of-discretion standard. *Gall v. United States*, 128 S.Ct. 586, 594 (2007). This court's review is two-tiered: the court must review for both procedural and substantive error.

A sentence may be procedurally unreasonable if the district court fails to calculate, improperly calculates, or fails to consider, the applicable guidelines range or neglects to consider the

other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the court deems an appropriate sentence without such required consideration. *Gall*, 128 S.Ct. at 596-97, *United States v. Jones*, 489 F.3d 243, 250-51 (6th Cir. 2007). In addition, when "a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Richardson,* 437 F.3d 550, 554 (6th Cir. 2006).

Here, the district court correctly calculated the guidelines range. Additionally, the court recognized that it is "the job of the Court under Title 18, Section 3553, to impose a sentence that's sufficient but not greater than necessary to serve the statutory purposes that are outlined in Subsection (a)(2)." After going through the § 3553(a) factors, the court "made an individualized assessment based on the facts presented" as to what sentence Rochon should receive. *Gall*, 128 S.Ct. at 597. Weighing these individualized considerations, the district court concluded that a within-guidelines sentence near the bottom of the range was appropriate for Rochon, and sentenced him accordingly. There was no procedural error.

A sentence may be substantively unreasonable where the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent §3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor." *United States v. Webb*, 403 F.3d 373, 385 (6th Cir. 2005). In this Circuit, we apply "a rebuttable presumption of reasonableness" to sentences falling within the applicable guidelines range. *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007). District courts are charged with imposing "a sentence sufficient, but not greater than necessary" to fulfill the purposes of sentencing in § 3553(a)(2). *United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006). "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 128 S. Ct. at 597.

Rochon contends that his sentence was substantively unreasonable because the district court "failed to properly evaluate [his] sentence in light of the § 3553(a) factors." Rochon stresses that

"[t]his Court has recently allowed a number of downward departures and/or variances regarding the imposition of guidelines sentences in child pornography cases," and identifies two cases where defendants in child pornography cases received sentences substantially below the sentencing guidelines. *See United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008); *United States v. Beach*, 2008 WL 1896766 (6th Cir. 2008) (unpublished).

Rochon argues that "the disparate treatment of [Rochon] in the face of these other cases demands that this Court correct an unreasonable sentence." However, while a district court in its discretion may consider local disparities to be relevant, the need to avoid sentencing disparities under Section 3553(a)(6) concerns "national disparities," not disparities between specific cases. *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008). Rochon's identification of two cases involving child pornography where the district courts' below-guidelines departures were upheld does not establish that his within-guidelines sentence is unreasonable. "Considering that one of the fundamental purposes of the Guidelines is to help maintain national uniformity in sentences, and considering that most sentences are within the Guidelines, the Guidelines themselves represent the best indication of national sentencing practices." *Id*. Rochon is unable to rebut the presumption that his sentence near the bottom of the advisory guidelines range is reasonable. There is no indication that the district court abused its discretion in imposing Rochon's sentence.

### 2. Reasonableness of supervised release for life

Rochon did not challenge the district court's imposition of a term of supervised release for life before the district court, and he concedes that this court reviews his unpreserved claim for plain error.

The district court had statutory authority to impose a life term of supervised release pursuant to 18 U.S.C § 3583(k), which states that "the authorized term of supervised release for any offense under. . . section 2252. . . is any term of years not less than 5, or life." In so doing, Congress has "insist[ed] that lifetime supervision be available to courts in sentencing sexual offenders." *United*

*States v. Kennedy*, 499 F.3d 547, 553 (6th Cir. 2007). Congress provided this option in response to the

> long-standing concerns of Federal judges and prosecutors regarding the inadequacy of the existing supervision periods for sex offenders, particularly for the perpetrators of child sexual abuse crimes, whose criminal conduct may reflect deep-seated aberrant sexual disorders that are not likely to disappear within a few years of release from prison.

*Id*. (quoting H.R. Rep. No. 108-66, at 49-20 (2003)). This court has upheld life terms of supervised release as reasonable. *See Kennedy*, 499 F.3d at 552-53; *United States v. Presto*, 498 F.3d 415, 417-21 (6th Cir. 2007).

Rochon argues life terms of supervised release should be reserved for "the worst of the worst," and that "a sentencing Court must allow for the likelihood that another defendant's circumstances may be more extreme than the defendant currently before it, whether that variance is at the best or worst end of the scale." For support, Rochon cites *United States v. Fink*, 502 F.3d 585, 589 (6th Cir. 2007), *United States v. Moreland*, 437 F.3d 424, 437 (4th Cir. 2006), and *United States v. Haack*, 403 F.3d 997, 1005 (8th Cir. 2005), all of which involved below-guidelines departures determined by this court to be of such magnitude as to leave little room for lower sentences for more deserving defendants.[1] Here, where Rochon was sentenced to a term of imprisonment near the

---

[1] In *Fink,* this court found the district court abused its discretion by imposing a 70-month sentence for a defendant whose guidelines range was 188 to 235 months, explaining:

> Perhaps most problematic, in light of the statutory minimum, Fink's sentence represents almost the most extreme variance possible. The 70-month sentence is only ten months greater than the 5-year minimum imposed by 18 U.S.C. § 2252A(b)(1); this leaves virtually no room to make future distinctions between Fink's case and the cases of worthy defendants that exhibit more compelling factual circumstances.

bottom of the guidelines range, we reject his argument that the district court was required to "leave itself room" to sentence more egregious offenders to a longer period of supervision. The district court made a decision that a life term of supervised release would appropriately compliment Rochon's sentence at the lower end of the guidelines range. There was no abuse of discretion.

Having found no procedural or substantive unreasonableness in Rochon's 240-month sentence and life term of supervised release, we affirm.

---

*Fink,* 502 F.3d at 589.