NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0454n.06

No. 08-1060

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 01, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF MICHIGAN |
| Reginald Smith, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| _____ | ) | |

**Before: GILMAN, COOK, and FARRIS, Circuit Judges.**[*]

**RONALD LEE GILMAN, Circuit Judge.** Reginald Smith pled guilty to possessing less than 100 grams of heroin with the intent to distribute. He now appeals his 200-month sentence, arguing that the district court erred by classifying him as a career offender and by imposing an unreasonable sentence. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

In December 2006, a grand jury returned an 11-count indictment that charged Smith with possession with the intent to distribute several controlled substances. Smith eventually pled guilty

_____

[*]The Honorable Jerome Farris, Senior United States Circuit Judge for the Court of Appeals for the Ninth Circuit, sitting by designation.

-1-

to one count of possession with intent to distribute less than 100 grams of heroin. As part of the Rule 11 plea agreement, the parties stipulated that the quantity of heroin was 10 to 20 grams, that Smith was a career offender, that he possessed a dangerous weapon during the commission of the offense, and that the applicable Guidelines range was 188-235 months of imprisonment. The Guidelines range took into account the government's recommendation that Smith be granted a reduction of three offense levels for acceptance of responsibility and its agreement to withdraw all remaining charges. Smith waived his right to appeal his conviction, but retained the right to appeal "the Court's adverse determination of any disputed guideline issue that was raised at or before the sentencing hearing."

The worksheets attached to the plea agreement calculated Smith's total offense level to be 31 and his criminal history category to be VI, resulting in the stipulated sentencing range of 188-235 months of imprisonment. Smith's Presentence Report (PSR) reached the same results.

At sentencing, the district court accepted the computations in the PSR. Smith, however, moved for a sentence below the Guidelines range based on the limited duration of his crime, the small quantity of drugs, and his family circumstances. Prominent among those circumstances was his argument that he engaged in dealing drugs to pay for his son's funeral. The district court ultimately sentenced Smith to 200 months of imprisonment, which is in the lower half of the applicable Guidelines range.

Smith timely appealed. The government moved to dismiss the appeal based on Smith's stipulations as to (1) his career-offender status, and (2) the applicable Guidelines range. A prior panel of this court denied the government's motion.

## II. ANALYSIS

**A.      Career-offender status**

Smith now challenges, for the first time, the district court's determination that he is a career offender.  Because Smith stipulated to his status as a career offender in the plea agreement and acknowledged the validity of the agreement at the sentencing hearing, he has waived appellate review of this issue.  *See United States v. Aparco-Centeno*, 280 F.3d 1084, 1088 (6th Cir. 2002) (holding that a defendant's express agreement in district court with a sentencing factor constituted a waiver of his right to appeal the application of that factor); *United States v. Nesbitt*, 90 F.3d 164, 168 (6th Cir. 1996) (holding that a defendant's express agreement regarding the quantity of drugs waived that issue on appeal).  We therefore decline to consider Smith's challenge to the district court's determination of his career-offender status on appeal.

**B.      Reasonableness of sentence**

We review sentences imposed by the district court for reasonableness. *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008). Reasonableness review has both a substantive and a procedural component.  *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *Vowell*, 516 F.3d at 509. When reviewing a district court's sentencing determination, we "first ensure that the district court committed no significant procedural error." *Gall*, 128 S. Ct. at 597. "Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

"A sentence may be procedurally unreasonable if the district court fails to calculate, improperly calculates, or fails to consider, the applicable guideline range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the court deems an appropriate sentence without such required consideration." *United States v. Rochon*, No. 07-5429, 2009 U.S. App. LEXIS 6530, at *6 (6th Cir. Mar 27, 2009) (citing *Gall*, 128 S.Ct. at 596-97). Although the district court need not explicitly reference each of the § 3553(a) factors, there must be sufficient evidence in the record to affirmatively demonstrate the court's consideration of them. *United States v. Simmons*, 501 F.3d 620, 625 (6th Cir. 2007).

The Supreme Court has made clear that "[t]he appropriateness of brevity or length, conciseness or detail . . . , depends upon circumstances" that are "left to the judge's own professional judgment." *Rita v. United States*, 551 U.S. 338, 356 (2007). Particularly where the district court chooses a sentence within the applicable Guidelines range and "the record makes clear that the sentencing judge considered the evidence and the arguments," the sentencing decision "will not necessarily require lengthy explanation." *Id.* at 356, 358. The district court is statutorily required, however, to explain "the reason for imposing a sentence at a particular point within the range" when "that range exceeds 24 months." 18 U.S.C. § 3553(c).

Applying these principles to the present case, we remain unpersuaded by Smith's argument that his sentence is procedurally unreasonable. A review of the sentencing hearing transcript reveals that the district court articulated and explained several reasons for sentencing Smith in the lower half of the stipulated Guidelines range, including the following comments:

I have had a chance to read the letters that have been furnished by family members, indeed your nephew in particular certainly caught my attention. You will be missed during your term of custody. I can state that consideration should be given to your family circumstances in trying to make a determination with respect to the sentence that should be imposed.

Now, notwithstanding that fact Mr. Smith arrives here with three prior control substance convictions and for welfare fraud, carrying a concealed weapon, felonious assault. The material that I'm furnished with reflects that ammunition and weapons at the location that the gentleman was at.

Taking that into consideration and the issues of public safety that are necessarily raised by those facts together with the gentleman's history the court is satisfied that while the high end of the guideline [is] certainly not warranted the court is also satisfied that the term of years within the guideline is.

Setting aside the guidelines the court will reflect for the record its understanding that those are indeed advisory. And the court has independently considered the factors, as Mr. Herrington [counsel for Smith] has identified they are controlling for this court, in Title 18 Section 3555(a).

The district court did not address every argument made by Smith for a downward variance. Smith raised numerous arguments regarding the application of the § 3553(a) factors in his sentencing memorandum and at the sentencing hearing. In particular, he pointed to his age (51 at the time of sentencing), poor health, stable marriage, and the length of time that elapsed between his last incarceration and the present offense as reasons a lower sentence. He also alleged that he had engaged in drug-dealing to pay for his son's funeral expenses. The district court did not expressly address these arguments.

We remain unpersuaded, however, that such omissions render Smith's sentence procedurally unreasonable. "[W]e do not require district courts to explicitly address every argument made by a defendant for a lower sentence." *United States v. O'Daniels*, 253 F. App'x 563, 567 (6th Cir. 2007) (citing *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006)). Although the district court in this case certainly could have been more thorough, we cannot say that the court did not sufficiently articulate its reasons for Smith's sentence such that reasonable appellate review is impossible. To the contrary, the record shows that the court took into account the § 3553(a) factors and adequately explained why it chose the sentence it did. *See Gale*, 468 F.3d at 940 ("[W]e will not conclude that a district judge shirked [his] obligation to consider the § 3553(a) factors simply because [he] did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced.").

Finally, Smith's sentence was also substantively reasonable. "A sentence may be substantively unreasonable where the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Jones*, 489 F.3d 243, 252 (6th Cir. 2007) (citations, internal quotation marks, and alterations omitted). Because Smith was sentenced within the applicable Guidelines range, his sentence is entitled to a "rebuttable presumption of substantive reasonableness." *United States v. Wilms*, 495 F.3d 277, 288 (6th Cir. 2007).

Smith argues that his 200-month sentence is substantively unreasonable because the district court did not consider the relatively minor nature of his crime, his age, and his low probability for recidivism. We disagree. The district court in this case based its decision on Smith's numerous

prior convictions, his status as a career offender, and the fact that he was in possession of a handgun and ammunition when selling the heroin in question.  Despite these negative factors, the court apparently sentenced Smith to the lower half of the stipulated Guidelines range in consideration of Smith's family circumstances.  We find no abuse of discretion in the sentence so imposed.

## III. CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.