NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1231n.06

No. 11-3911

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 28, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| MICHAEL L. STAHL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: MARTIN and GRIFFIN, Circuit Judges; BECKWITH, District Judge.[*]

PER CURIAM. Michael L. Stahl challenges the constitutionality of his statutory mandatory minimum sentence for distribution of child pornography.

Stahl pleaded guilty to an amended information charging him with distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). Stahl's total offense level was twenty-seven following various enhancements and a reduction for the acceptance of responsibility. Stahl had zero criminal history points, corresponding to a criminal history category of I. Stahl's resulting advisory sentencing guidelines range was seventy to eighty-seven months of imprisonment. Pursuant to 18 U.S.C. § 2252(b)(1), Stahl's mandatory minimum term of imprisonment was five years, with a maximum term of twenty years.

---

[*]The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

Among his objections to the presentence report, Stahl argued that the enhancements constituted impermissible double counting of the same conduct and that a criminal history category of I overstated his criminal history. In his sentencing memorandum, Stahl asserted that section 2252(b)(1) is unconstitutional as applied to him and requested a sentence below the statutory mandatory minimum sentence of sixty months.

At sentencing, the district court overruled Stahl's objections to the presentence report and rejected his constitutional challenges to the statute. After considering Stahl's arguments, and the sentencing factors under 18 U.S.C. § 3553(a), the district court found that a downward variance from the guidelines range was appropriate. The district court sentenced Stahl to the statutory mandatory minimum of sixty months of imprisonment.

In this timely appeal, Stahl argues that the mandatory minimum sentence under section 2252(b)(1) is unconstitutional as applied to him. Stahl's constitutional challenge to his sentence is a question of law which we review de novo. *See United States v. Hughes*, 632 F.3d 956, 959 (6th Cir.), *cert. denied*, 131 S. Ct. 2975 (2011).

Stahl contends that the mandatory minimum sentence under section 2252(b)(1) conflicts with *United States v. Booker*, 543 U.S. 220, 253–54 (2005). Contrary to Stahl's argument, "nothing in *Booker* allows the court to negate the imposition of a mandatory minimum sentence." *United States v. Franklin*, 499 F.3d 578, 586 (6th Cir. 2007). According to Stahl, there is little difference between his conduct and the offense of possession of child pornography. Yet, the difference in sentencing is huge—a mandatory minimum sentence of five years and a maximum sentence of twenty years for distribution versus no mandatory minimum sentence and a maximum sentence of ten years for

possession. However, the distribution of child pornography—in Stahl's case, sending nine emails containing images of child pornography—involves different conduct and is a more serious offense than mere possession, justifying the disparate sentencing. *See United States v. Fink*, 502 F.3d 585, 589 (6th Cir. 2007). Stahl maintains that the statutory mandatory minimum also conflicts with the directive of section 3553(a) to "impose a sentence sufficient, but not greater than necessary," to comply with statutory sentencing goals. While we have "acknowledge[d] the tension with section 3553(a), . . . that very general statute cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress." *United States v. Cecil*, 615 F.3d 678, 695 (6th Cir. 2010), *cert. denied*, 131 S. Ct. 1525 (2011) (internal quotation marks and citation omitted).

In addition to his Sixth Amendment arguments, Stahl contends that the statutory mandatory minimum eliminates the judge from the sentencing equation, usurping a core function of the judicial branch in violation of the separation-of-powers doctrine. It is well established that "Congress . . . has the power to fix the sentence for a federal crime, and the scope of judicial discretion with respect to a sentence is subject to congressional control." *Mistretta v. United States*, 488 U.S. 361, 364 (1989) (internal citation omitted). Accordingly, "we have flatly rejected the claim that mandatory minimums unconstitutionally violate separation-of-powers principles." *Cecil*, 615 F.3d at 696 (internal quotation marks and citation omitted).

Stahl claims that the sentencing inquiry, unencumbered by the mandatory minimum, calls for a sentence far less than sixty months, asserting that the § 3553(a) factors support mitigation; that his offense level was artificially inflated by gratuitous and duplicative enhancements; and that his

criminal history was overstated. Because the district court was encumbered by the mandatory minimum, we need not reach Stahl's remaining arguments.

The district court's judgment is affirmed.