NOT RECOMMENDED FOR PUBLICATION
File Name: 18a0374n.06

No. 17-4104

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS** | | **FILED** |
| **FOR THE SIXTH CIRCUIT** | | Jul 26, 2018 |
| | | DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff-Appellee,      )
                                   )          ON APPEAL FROM THE
v.                                 )          UNITED STATES DISTRICT
                                   )          COURT FOR THE
SCOTT M. WROTEN,                   )          NORTHERN DISTRICT OF
                                   )          OHIO
          Defendant-Appellant.     )

BEFORE:     ROGERS and BUSH, Circuit Judges; WATSON, District Judge.[*]

ROGERS, Circuit Judge.  Scott Wroten was convicted of receiving child pornography.  In calculating his advisory sentencing range under the United States Sentencing Guidelines, the district court applied several enhancements, including a two-level enhancement for use of a computer.  The district court then declined to vary downward, imposing a within-Guidelines sentence of 136 months' imprisonment.  Wroten now challenges that sentence, arguing that the district court (1) failed to recognize its authority to vary downward based on a policy disagreement with the use-of-a-computer enhancement and (2) failed to reckon with the unwarranted sentencing disparity that his 136-month sentence would create.  However, the district court's statements at sentencing make clear that the court actually agreed with the policies underlying the use-of-a-computer enhancement, and the court declined to vary for that reason.  Moreover, Wroten has not

---

[*]The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

shown that his within-Guidelines sentence resulted in an unwarranted sentencing disparity because he points only to isolated instances in which other district judges in the Northern District of Ohio have varied downward in cases involving the use-of-a-computer enhancement. Such evidence is not sufficient to demonstrate a national sentencing disparity, as would be required to show that his sentence was unreasonable. Accordingly, Wroten's sentencing challenge fails.

In April 2016, Wroten's employer discovered that Wroten was using an exceptionally large percentage of the company's bandwidth. Upon investigation, it was discovered that Wroten had been downloading pornography at work, some involving minors. The employer referred the matter to police, who—with Wroten's consent—searched Wroten's home and seized an extensive collection of child pornography stored on a computer, seven USB storage devices, and nine external hard drives. All told, Wroten was found to be in possession of more than 200,000 images depicting child pornography, including both still images and video files.

On January 5, 2017, a grand jury returned a three-count indictment against Wroten. He agreed to plead guilty to the first count in exchange for dismissal of counts two and three. On May 15, 2017, Wroten entered a plea of guilty to one count of knowingly receiving visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2).

At Wroten's sentencing hearing, the district court determined that Wroten's Guidelines base offense level was 22. *See* USSG § 2G2.2(a)(2). The district court then applied four enhancements:

- A two-level enhancement because the material involved prepubescent minors or minors who had not attained the age of 12, *see id.* § 2G2.2(b)(2);

- A four-level enhancement for depiction of sadistic or masochistic conduct or other depictions of violence, or sexual abuse of an infant or toddler, *see id.* § 2G2.2(b)(4);

- Another two-level enhancement for using a computer to receive the materials, *see id.*
  § 2G2.2(b)(6); and

- A five-level enhancement because the offense involved 600 or more images, *see id.*
  § 2G2.2(b)(7)(D).

Finally, the district court applied a three-level reduction for acceptance of responsibility, resulting in a total offense level of 32. Because he had no prior convictions, his criminal history category was I. For an offender with an offense level of 32 and a criminal history category of I, the Guidelines prescribe a recommended sentencing range of 121 to 151 months' imprisonment. The district court imposed a within-Guidelines sentence of 136 months' imprisonment. Wroten was also sentenced to five years of supervised release.

On appeal, Wroten challenges on two grounds the district court's refusal to vary downward after applying the two-level use-of-a-computer enhancement. First, he contends that the district court failed to recognize its authority to vary downward based on a policy disagreement with the use-of-a-computer enhancement, and that this made his sentence procedurally unreasonable. Second, he argues that the district court, in declining to vary below the Guidelines range, failed to consider the need to prevent unwarranted sentencing disparities, and that this rendered his sentence both substantively and procedurally unreasonable. For the reasons that follow, these arguments fail.[1]

---

[1] The Government contends that we should review Wroten's procedural-unreasonableness arguments only for plain error because the district court, after rendering its sentence, asked defense counsel whether there were "any additions, comments, or objections we haven't covered," thereby requiring the parties to make any previously unraised objections or else subject them to plain-error review on appeal, *see United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004), and that Wroten did not raise his procedural objections below. Wroten disputes this contention and argues that we should instead review the district court's sentencing decision for abuse of discretion. Ultimately, we need not decide whether plain-error review applies because, as demonstrated below, Wroten's arguments fail even under the more lenient abuse-of-discretion standard.

Wroten's first contention is that his sentence was procedurally unreasonable because the district court failed to recognize that it had the authority to vary below the Guidelines range based on a policy disagreement with the use-of-a-computer enhancement. *See United States v. Kamper*, 748 F.3d 728, 742–43 (6th Cir. 2014). This argument lacks merit because the transcript of the sentencing hearing shows that the district court understood that it could vary downward for policy reasons but simply declined to exercise that authority because the district court in fact agreed with the policy underlying the enhancement. At sentencing, Wroten urged the district court to reject the use-of-a-computer enhancement because child-pornography offenses are nowadays so often committed with the use of a computer that the enhancement does not distinguish aggravated conduct from the mine run of offenses. The Government opposed this suggestion, arguing that the Sentencing Commission had intentionally set the base offense level lower for certain child-pornography offenses to account for the fact that various enhancements—including the use-of-a-computer enhancement—would be applied in most cases. The district court expressly agreed with the Government, saying:

> Use of the computer, and number of additional external storage devices to maintain as collection. Increased by two. That stays. That may be a very common aggravated factor but still an aggravating factor, despite the frequency. And I agree with [the prosecutor]. I've been through this before, in these types of cases, where the Sentencing Commission did take into consideration the use of computer and other things to arrive at what they thought would be a better offense level. And the Sixth Circuit has again affirmed the use of this aggravated circumstance.

This statement by the district court clearly demonstrates that the court declined to vary not because the court failed to recognize its authority to do so, but rather because the court shared the Government's assessment of the policy supporting the enhancement. Indeed, we have also noted this justification for the enhancement:

> In drafting § 2G2.2, the Sentencing Commission explicitly considered whether the computer enhancement would be frivolous. *See* U.S.S.G.App. C, Amend. 664, pp. 58–59. The Commission purposefully set both the base offense level and the degree of enhancement with the frequency of computer use in mind. *Id.* We have adopted that rationale and rejected arguments that the computer enhancement should not be used simply because it is applied frequently.

*United States v. Walters*, 775 F.3d 778, 786 (6th Cir. 2015). The district court's agreement with this rationale, and its corresponding refusal to vary below the Guidelines range, were not an abuse of discretion and did not suggest that the court thought itself legally precluded from varying downward on Wroten's argument.

Second, Wroten argues that his sentence was substantively unreasonable because it created an unwarranted sentencing disparity. *See* 18 U.S.C. § 3553(a)(6). He contends that the use-of-a-computer enhancement in general results in sentencing disparities because some district judges reject the enhancement while others do not, and therefore some offenders receive longer sentences than others based on nothing more than the policy views of the particular sentencing judge. However, this argument lacks merit.

Wroten cites two cases from the Northern District of Ohio in which other district judges varied downward based on concerns that the child-pornography Guidelines, including the use-of-a-computer enhancement, may create unwarranted sentencing disparities. *See United States v. Marshall*, 870 F. Supp. 2d 489, 493–95 (N.D. Ohio 2012); *United States v. Stern*, 590 F. Supp. 2d 945, 961–63 (N.D. Ohio 2008). Notwithstanding the strength of the policy analyses in these cases, their holdings do not demonstrate that Wroten's within-Guidelines sentence was substantively unreasonable. "[T]he need to avoid sentencing disparities under Section 3553(a)(6) concerns 'national disparities,' not disparities between specific cases," and therefore a defendant's "identification of two cases involving child pornography where the district court's below-guidelines departures were upheld does not establish that his within-guidelines sentence is

unreasonable." *United States v. Rochon*, 318 F. App'x 395, 398 (6th Cir. 2009) (quoting *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008)). The same logic applies here. Wroten also cites two Second Circuit cases criticizing § 2G2.2 of the Guidelines, *see United States v. Jenkins*, 854 F.3d 181, 193 (2d Cir. 2017); *United States v. Dorvee*, 616 F.3d 174, 184–88 (2d Cir. 2010), and a D.C. Circuit dissenting opinion doing the same, *see United States v. Pyles*, 862 F.3d 82, 98 (D.C. Cir. 2017) (Williams, J., dissenting). But the policy concerns reflected in these out-of-circuit cases do not show that Wroten's individual sentence resulted in an unwarranted disparity as compared with other child-pornography sentences across the nation. At any rate, a within-Guidelines sentence such as Wroten's is presumptively reasonable, *see United States v. Smith*, 881 F.3d 954, 960 (6th Cir. 2018), and Wroten's contentions fall far short of rebutting this presumption.

Moreover, Wroten's argument amounts to a claim that sentences based on the use-of-a-computer enhancement will *always* be unreasonable unless the district court varies downward. Wroten thus essentially asks us to hold—indefensibly—that district courts necessarily abuse their discretion unless they reject the use-of-a-computer enhancement. We decline to do so.

Finally, Wroten also contends that the district court failed even to consider whether his sentence would result in an unwarranted sentencing disparity, and that this failure rendered his sentence procedurally unreasonable. In particular, he argues that the district court at sentencing did not explicitly consider the fact that some judges have varied downward based on policy disagreements with the use-of-a-computer enhancement, or that the Sentencing Commission has issued a report noting this fact. But as explained above, these considerations do not demonstrate an unwarranted sentencing disparity in this case. Moreover, "[a] sentencing judge [need not] discuss every argument made by a litigant; arguments clearly without merit can, and for the sake

of judicial economy should, be passed over in silence." *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (quoting *United States v. Cunningham*, 429 F.3d 673, 678 (7th Cir. 2005)). Therefore, even assuming that the district court never explicitly discussed these meritless considerations, that failure did not make Wroten's sentence procedurally unreasonable.

For these reasons, we affirm Wroten's sentence.