**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0067n.06

**Nos. 07-6265, 07-6266**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Feb 03, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee,* | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| DAVID TOBE KEITH, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant.* | ) | |

BEFORE:    KENNEDY, COLE, and GRIFFIN, Circuit Judges.

**COLE, Circuit Judge.** Defendant-Appellant David Tobe Keith appeals his sentence of 188 months incarceration imposed by the United States District Court for the Western District of Tennessee. Keith pled guilty to traveling with intent to engage in illicit sexual contact with a minor, knowingly using a means of interstate commerce to entice or coerce a minor to engage in a sexual act, shipping child pornography, and possessing child pornography. Keith contends that his sentence is procedurally unreasonable because the district court failed to consider sufficiently his argument that the Sentencing Guidelines for child pornography are not based on empirical research and, as a result, should be discounted. For the following reasons, we **AFFIRM** the district court's sentencing determination.

# I. BACKGROUND

## A.     Factual Background

### 1.     *Indictment No. 06-20287: Traveling to engage in sex with a minor*

From April to July 2006, Keith, a thirty-four-year-old resident of Muskogee, Oklahoma, communicated over the Internet with an FBI Special Agent posing as a thirteen-year-old girl from Memphis, Tennessee. Through emails and computer "chats," Keith discussed a desire to meet the purported thirteen-year-old in person for sex; he also sent her digital images and a digital movie file of sexually explicit content involving children—images depicting sexual acts he wanted to try with her. In mid-July, Keith arranged to travel to Memphis for a rendezvous with the purported thirteen-year-old. Once there, however, he was arrested by the FBI. A search of Keith's vehicle revealed two six-packs of alcohol, a box of condoms, and two pornographic magazines—one entitled "barely legal."

### 2.     *Information No. 07-20089: Possession of child pornography*

In addition, the National Center for Missing and Exploited Children received a tip on January 4, 2006, that Keith had uploaded sexually explicit photographs of a minor female disrobed and urinating. The Oklahoma State Bureau of Investigation (OSBI) then assisted with an investigation into Keith's distribution and possession of child pornography. On April 20, 2006, OSBI Special Agents conducted an uncontested search of Keith's computer, revealing pornographic photographs of juvenile girls.

Keith's computer was then seized and a complete forensic examination conducted. The examination revealed 175 photo files of sexually explicit images of children, including prepubescent

children; twelve video files of children engaged in explicit sexual conduct; and four video files of young people engaging in sexually explicit conduct. Since each photo file is considered to be one image and each video file is considered to have seventy-five images, Keith's computer was found to contain a total of 1,075 images. *See* U.S. Sentencing Guidelines Manual (U.S.S.G. or the "Guidelines") § 2G2.2 application note no. 4(B)(i) and (ii) (2006).

## B.     Procedural Background

A federal grand jury returned a five-count indictment against Keith on July 25, 2006, in Case No. 06-20287. Count one charged Keith with traveling to engage in illicit sexual contact with a minor in violation of 18 U.S.C. § 2423(b). Count two charged him with knowingly using a means of interstate commerce to entice or coerce a minor to engage in a sexual act in violation of 18 U.S.C. § 2422(b). Counts three though five charged him with electronically transmitting child pornography in violation of 18 U.S.C. § 2252(a)(1).

On February 9, 2007, a two-count bill of information was filed against Keith in Case No. 07-20089. Count one charged Keith with possession of child pornography in violation of 18 U.S.C. § 2252(a)(4). Count two contained a notice of criminal forfeiture related to the computer and other equipment seized pursuant to 18 U.S.C. §§ 1467(a)(3) and 2253.

Keith pled guilty to all five counts of the indictment and both counts of the information on May 29, 2007, without a plea agreement.

A Presentence Investigation Report (PSR) was subsequently prepared, using the 2006 edition of the Guidelines. The PSR recommended grouping Keith's charges for traveling to engage in illicit sexual conduct with a minor and using a means of interstate commerce to entice or coerce a minor

to engage in a sexual act (Group 1); and Keith's charges for knowingly transmitting child pornography and knowingly possessing child pornography (Group 2).

Keith's base offense level for Group 1 was calculated at twenty-four. *See* U.S.S.G. § 2G1.3. The PSR recommended a sentencing enhancement for using a computer to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct. *See id.* § 2G1.3(b)(3). The result was a recommended adjusted offense level of twenty-six.

Keith's base offense level for Group 2 was calculated at twenty-two. *See id.* § 2G2.2(a)(2). The PSR recommended a number of sentencing enhancements: for images of prepubescent minors, *see id.* § 2G2.2(b)(2); for distribution of child pornographic material to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in prohibited sexual conduct, *see id.* § 2G2.2(b)(3)(E); for using a computer to transmit and distribute the sexually explicit material, *see id.* § 2G2.2(b)(6); and for possessing more than 600 images of child pornography, *see id.* § 2G2.2(b)(7)(D). The resulting total offense level for Group 2 was thirty-eight.

The PSR further recommended a combined adjusted offense level for Groups 1 and 2 of thirty-eight. *See id.* § 3D1.4. Finally, the PSR recommended a three-level downward adjustment for acceptance of responsibility, *see id.* § 3E1.1(a) and (b), resulting in a final total offense level of thirty-five.

Since Keith previously had pled guilty to knowingly possessing child pornography, he was placed in Criminal History Category II. Together, the total offense level and Criminal History Category yielded an advisory Guidelines range of 188 to 235 months imprisonment. Because the minimum of the Guidelines range exceeded the statutory maximum for count one of the

information—possession of child pornography—the PSR recommended a sentence of the statutory maximum of 120 months for that count.

The district court held a sentencing hearing on October 15, 2007, during which it discussed the relevant 18 U.S.C. § 3553(a) factors. The court discussed the nature and circumstances of Keith's offenses, concluding that the offenses were "very serious and a very threatening type of activity towards what could have very well been a minor." (Sentencing Tr. 37.) The court next considered the history and characteristics of the defendant, noting that while Keith has concerned family members, he "has been downloading this type of material for quite a number of years." (*Id.*) The court further considered the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant, noting that Keith had previously committed similar offenses. Finally, the court considered Keith's need for medical care, specifically his need for therapy. The court then imposed a sentence of 188 months[1] for each of the five counts in 06-20287 to run concurrently; and 120 months for the counts in 07-20089, to run concurrent with the sentence in 06-20287. The court further imposed a ten-year period of supervised release for each count.

Keith timely appealed his sentence.

---

[1] The sentencing transcript erroneously refers to the sentence as 138 months. (Sentencing Tr. 35, 40.) U.S.S.G. § 5A shows that the applicable Guidelines range is 188 to 235 months and the district court's judgment correctly reflects that the sentence imposed was 188 months. (Judgment in Criminal Case, Case # 2:06-cr-20287, Dist. Ct. Doc. No. 38 at 3.)

## II. ANALYSIS

We review a district court's sentence for reasonableness.[2] *United States v. Moon*, 513 F.3d 527, 538 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 45-47 (2007); *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Booker*, 543 U.S. 220, 261 (2005)). In doing so, we determine if a district court's sentence has achieved the goal of imposing a "sentence that is sufficient, but no greater than necessary to comport with the purposes of 18 U.S.C. § 3553(a)." *Id.* (internal quotation marks omitted). Reasonableness has both procedural and substantive components. *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007). "Therefore, we must 'consider not only the length of the sentence but also the factors evaluated and the procedures employed by the district court in reaching its sentencing determination.'" *Moon*, 513 F.3d at 539 (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

Keith argues that his sentence is procedurally unreasonable because the district court failed to address his argument that the child-pornography Sentencing Guidelines are not based on empirical research. According to Keith, the district court should have "afforded little weight" to the Guideline for offenses involving sexual exploitation of a minor, U.S.S.G. § 2G2.2. (Keith Br. 14.)

---

[2] It is questionable whether Keith properly objected at the sentencing hearing to what he considered to be the district court's insufficient treatment of his argument that the child-pornography Sentencing Guidelines are not based on empirical research and that, therefore, we should review his sentence for plain error only. *United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008). We decline to do so, however, because the government did not request that we apply this more stringent standard of review. *See United States v. Blackie*, 548 F.3d 395, 404 (Sutton, J., concurring) ("The government never asked us to apply plain-error review to this claim, which by itself is reason enough not to apply this standard to the issue.").

In order for a sentence to be procedurally reasonable, "[w]hen a defendant raises a particular [nonfrivolous] argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it." *United States v. Lalonde*, 509 F.3d 750, 770 (6th Cir. 2007) (quotation marks omitted). Yet, "[d]istrict courts may exercise discretion in determining how much of an explanation of the sentence is required because the amount of reasoning required varies according to context. This court has made it clear that a district court need not explain its reasons for rejecting each argument made by a defendant." *United States v. Polihonki*, 543 F.3d 318, 325 (6th Cir. 2008) (quotation marks and internal citation omitted).

Keith's particular argument is a nonfrivolous one, confirmed by the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85 (2007). In that case, which was decided shortly after Keith's sentencing hearing, the Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder [cocaine] disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Id.* at 110. As the Seventh Circuit explained in a parallel case, the reasoning of Keith's substantive argument proceeds as follows:

> [*Kimbrough*] allows district courts to disagree on policy grounds with sentencing guidelines that exhibit methodological flaws; the same methodological flaws that characterize the crack guidelines—lack of empirical support—also undermine the child-pornography guidelines; therefore, district courts may sentence child-pornography offenders below the guidelines range based on disagreement with the policy embodied in the guidelines.

*United States v. Huffstatler*, 571 F.3d 620, 623 (7th Cir. 2009) (citing Troy Stabenow,

*Deconstructing the Myth of Careful Study: A Primer on the Flawed Progression of the Child*

*Pornography Guidelines* 27-32 (July 3, 2008),

http://mow.fd.org/3%20July%202008%20Edit.pdf).

Some district courts have accepted this argument. *E.g.*, *United States v. Grober*, 595 F. Supp. 2d 382, 394 (D.N.J. 2008) ("§ 2G2.2 leads to a sentence that is too severe in a downloading case"); *United States v. Baird*, 580 F. Supp. 2d 889, 895 (D. Neb. 2008) ("Because the Guidelines [for child exploitation crimes] do not reflect the Commission's unique institutional strengths, the court affords them less deference than it would to empirically-grounded guidelines."); *United States v. Shipley*, 560 F. Supp. 2d 739, 744 (S.D. Iowa 2008) (same).

Before the district court, Keith articulated his substantive argument as follows:

> Your Honor, the guidelines, Your Honor, have been under continuous assault I think even as early as late last week or the week before last when Gall and Kimbrough were arguing at the U.S. Supreme Court.
> I think there's some serious concern about district courts listening to the Department of Justice's mantra of the guidelines. In many cases in the guidelines, there hasn't been a lot of thought that has gone into them.
> And that's why they are under assault as gravely as they are. The sentencing commission themselves are having problems with things like the crack cocaine disparity, powder disparity, and things like that. . . .
> What I am saying is there is this adherence to the guidelines like they are the Holy Grail of sentencing, and they are not. They are not at all. They are not even close. . . .
> And we are asking the Court to impose a sentence less than the guidelines.

(Sentencing Tr. 25-27.) The district court specifically responded: "So you are right. Courts are not necessarily becoming, I guess, rubber stamps for the guidelines." (*Id.* at 27.)

We find this treatment of Keith's argument—though perhaps not ideal—to be sufficient. It reveals that the district court understood and considered Keith's point and is sufficiently distinguishable from situations in which we have remanded a case for re-sentencing. *See United*

*States v. Robertson*, 309 F. App'x 918, 923-24 (6th Cir. 2009) (finding sentence procedurally unreasonable where district court "never responded" to one of defendant's arguments, conducted an exchange suggesting a misunderstanding of the argument, and specifically addressed remaining two arguments); *United States v. Thomas*, 498 F.3d 336, 341 (6th Cir. 2007) (vacating sentence where "[defendant's] arguments went unmentioned and unaddressed, save the general statement by the district court that it had received, read, and understood the sentencing memorandum").

### III.  CONCLUSION

For the reasons discussed above, we **AFFIRM** the district court's sentence.