**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0211n.06

No. 09-5082

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 06, 2010
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **ORLIN ESCALON-VELASQUEZ**, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

**BEFORE:    GUY, COLE, and SUTTON, Circuit Judges**.

**COLE, Circuit Judge**.  Defendant-Appellant Orlin Rolando Escalon-Velasquez appeals his sentence for illegal re-entry into the United States in violation of 8 U.S.C. §§ 1326(a)(2) and (b)(2). He challenges his sentence as procedurally unreasonable because, in his view, the district court failed to consider adequately his arguments for a lower sentence.  We **AFFIRM**.

### I.  BACKGROUND

On June 16, 2008, Immigration and Customs Enforcement (ICE) agents encountered Escalon-Velasquez and requested identification from him.  He ran, a chase ensued, and the agents apprehended him after a brief altercation.  At that time, he had a counterfeit green card, displaying the name of German Velasquez.  Escalon-Velasquez told the ICE agents that he was a citizen of Mexico, that his correct name was Rolando German-Velasquez, and that he did not have a criminal record.  After the Government processed his fingerprints, however, his true identity (Orlin Escalon-

Velasquez) and citizenship (Honduran) were revealed. He then admitted that he had illegally entered the United States in November or December of 2007. Next, the ICE agents reviewed his immigration file and discovered that he had been convicted of felony drug possession in 2004 and grand theft in 2005. In addition, he had been deported from the United States on December 15, 2004, and on November 29, 2006.

As a result of the ICE investigation, a federal grand jury sitting in the Western District of Tennessee indicted Escalon-Velasquez on one count of reentry of a deported alien whose removal was subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a)(2) and (b)(2). Pursuant to a plea agreement, he pleaded guilty, and the Government agreed to recommend a sentence at the low end of the applicable Guidelines range and a full reduction for acceptance of responsibility.

The United States Probation Office prepared a Presentence Report ("PSR"). The PSR calculated that Escalon-Velasquez had an offense level of twenty-one and a criminal history category of IV. His offense level was based on an initial level of eight for the offense at hand and an enhancement of sixteen levels pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(A) because he previously had been convicted of felony drug trafficking that resulted in his deportation. His offense level then was reduced by three because he accepted responsibility for his actions. Pursuant to U.S.S.G. § 4A1.1(a), he was placed in Criminal History IV because of previous convictions for drug trafficking and theft. The calculated offense level and criminal-history category resulted in a Guidelines range of fifty-seven to seventy-one months.

Before sentencing, both Escalon-Velasquez and the Government filed sentencing position

papers with the district court. The Government filed no objections to the PSR. Likewise, Escalon-Velasquez filed no objections to the PSR's calculations but requested a twelve-month sentence, arguing that a within-Guidelines sentence was greater than necessary for the seriousness of the crime.

At the sentencing hearing on February 27, 2009, the district court accepted the PSR's calculations. The sentencing judge continued the hearing by inviting the Government's counsel to speak. Consistent with the terms of the plea agreement, the Government recommended a sentence at the low end of the Guidelines range but also stated that a within-Guidelines sentence, as opposed to the twelve-month sentence requested by the defendant, would be appropriate. In particular, the Government noted Escalon-Velasquez's criminal history, including drug trafficking, and his repeated illegal entries into the United States. Next, Escalon-Valesquez's counsel argued for a below-Guidelines sentence, explaining that Escalon-Velasquez had been looking for work and had not been involved with criminal activity. Escalon-Valesquez then addressed the court, stating that he would remain in Honduras if deported. After considering the factors outlined in 18 U.S.C. § 3553(a), the district court accepted the Government's recommendation of a low-end within-Guidelines sentence and sentenced Escalon-Velasquez to fifty-seven months in prison.

Escalon-Velasquez appealed.

## II. ANALYSIS

Escalon-Velasquez raises only one issue on appeal, challenging his sentence as procedurally unreasonable. We first note that Escalon-Velasquez did not raise this issue below. At no point during the district court proceedings did he raise procedural reasonableness objections, even after the district court provided him opportunity to do so as required by *United States v. Bostic*, 371 F.3d

865, 872 (6th Cir. 2004). A failure to preserve leads to plain-error review. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc). Here, however, the Government did not request the heightened standard, and we do not apply plain-error review unless a party asks. *Cf. United States v. Keith*, 2010 U.S. App. LEXIS 2298, at *9 n.2 (6th Cir Feb. 3, 2010) ("We decline to do so, however, because the government did not request that we apply this more stringent standard of review."); *United States v. Blackie*, 548 F.3d 395, 404 (Sutton, J., concurring) ("The government never asked us to apply plain-error review to this claim, which by itself is reason enough not to apply this standard to the issue."). Instead, we review the sentence for reasonableness under the "familiar abuse-of-discretion standard." *See Gall v. United States*, 552 U.S. 38, 46 (2007).

For a sentence to be procedurally reasonable, the district court must consider the applicable Guidelines range; consider the factors listed in 18 U.S.C. § 3553(a); accurately calculate the sentence; and adequately explain the sentence, allowing for meaningful appellate review. *Id.* at 49-50. On the final point, a district court's explanation is adequate if it demonstrates that the court considered the parties' arguments and had a reasoned basis for its decision. *Rita v. United States*, 551 U.S. 338, 356 (2007). Further, a sentence "within a properly calculated Guidelines range" is "entitled to a presumption of reasonableness on review." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008). Escalon-Velasquez believes he can overcome this presumption in two ways. First, he claims that the district court took inaccurate account of his argument that incarcerating him will waste government resources. Second, he contends that the court failed to explain its rejection of his argument for a twelve-month sentence.

We are not persuaded and conclude that Escalon-Velasquez's sentence meets the

constitutional standard for procedural reasonableness. The Supreme Court has made clear that a district court may exercise discretion in determining how much explanation is necessary in a given case and "when a judge simply decides to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita*, 558 U.S. at 356. In fact, a sentencing court need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* Accordingly, "a district court's failure to address each argument head-on will not lead to automatic vacatur"; instead, we will vacate a sentence only "if the 'context and record' do not 'make clear' the court's reasoning." *United States v. Liou*, 491 F.3d 334, 339 n.4 (6th Cir. 2007) (quoting *Rita*, 558 U.S. at 356).

In this case, the district court considered "the nature and circumstances of the offense, and the history and characteristics of the defendant"; "the seriousness of the offense"; and "the arguments that ha[d] been raised by the defendant." (Sentencing Hr'g Tr. 15-18.) The court acknowledged that this was the third time that Escalon-Velasquez was before the court on charges of illegal entry and noted that, at the time of his arrest, he possessed an illegal green card. The court also explained that it believed that Escalon-Velasquez still had "not accepted that he is not allowed to be in this country illegally" and, instead, "continues to return even though he's been deported on at least two prior occasions, and on both occasions, he was involved in criminal conduct." (*Id.* at 18.) "[B]ased upon those factors," the court decided that a sentence at the low end of the Guidelines range would be "sufficient." (*Id.*) In light of this analysis, we conclude that the district court properly made an individualized sentencing determination based upon the facts and § 3553(a) factors and gave sufficient explanation for the sentence imposed.

Further, we do not accept Escalon-Velasquez's critiques of the district court. First, "a sentencing judge is not required to explicitly address every mitigating argument that a defendant makes, particularly when those arguments are raised only in passing." *United States v. Madden*, 515 F.3d 601, 611 (6th Cir. 2008). In his sentencing position paper, Escalon-Velasquez did not argue that a within-Guidelines sentence would waste government resources. His counsel raised the issue only at the end of his presentation, stating cursorily that "the resources that we would expend in incarcerating him any longer than necessary for him to be—for him to be deported should also be taken into consideration." (Sentencing Hr'g Tr. 14.) We therefore conclude that the argument was raised "only in passing," and the court was not required to address explicitly this mitigating argument to satisfy the constitutional requirement of procedural reasonableness. *Cf. Madden*, 515 F.3d at 611-12 (holding that the district court did not commit a "'significant procedural error'" by not explicitly addressing an undeveloped mitigating argument (quoting *Gall*, 552 U.S. at 50)).

Escalon-Velasquez's second critique—that the district court did not sufficiently consider his request for a twelve-month sentence—fares no better. Escalon-Velasquez argued for a twelve-month sentence in his written submission to the district court, and the court noted at the sentencing hearing that it had considered his arguments. Despite Escalon-Velasquez's efforts, the court concluded that a within-Guidelines sentence was appropriate. Although the court did not specifically mention the requested twelve-month sentence, we are satisfied that the court understood and considered Escalon-Velasquez's request. *Cf. Sexton*, 512 F.3d at 332 ("Although the district court did not state its reasons for rejecting this argument, it did not need to, given that the issue was simple and it was obvious that the court had considered his claim . . . .").

## III.  CONCLUSION

For the reasons stated above, we **AFFIRM**.