**NOT RECOMMENDED FOR PUBLICATION**
File Name: 20a0477n.06

Case No. 19-5792

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Aug 12, 2020 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| | ) | |
| | ) | |
| JAMES RUSSELL PETERS, JR., | ) | |
| | ) | **OPINION** |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: NORRIS, NALBANDIAN, and READLER, Circuit Judges.

NALBANDIAN, Circuit Judge.   James Russell Peters, Jr. pleaded guilty to a methamphetamine-related charge.  Although he waived his right to appeal his guilty plea and to collaterally attack his conviction, Peters reserved his right to appeal his sentence, which he does now.  To challenge his sentence, he raises a single unreasonableness challenge on appeal.  But the district court did not abuse its discretion.  So we AFFIRM.

**I.**

James Russell Peters, Jr. pleaded guilty to conspiring to knowingly and intentionally distribute 50 grams or more of methamphetamine.  *See* 21 U.S.C. §§ 841(a)(1), 846.  As part of that plea agreement, other than ineffective-assistance-of-counsel claims, Peters waived his statutory right to collaterally attack his guilty plea, conviction, and sentence.  He also waived his

statutory right to appeal his guilty plea and conviction. But he reserved the right to appeal his sentence.

At sentencing, the judge opened the hearing by explaining that while he believed Peters "ha[s] a debt to pay society for the meth trafficking conviction, [] [the judge also] want[ed] to make sure that th[e] sentence is fair and proper and appropriately tailored to [Peters] as an individual person." (R. 215, Sentencing Tr., PageID 932–33.) So the judge let Peters know he "c[ame] into the hearing with an open mind about what the result ought to be." (*Id.* at 933.) The judge also let Peters know that he "[had] thought quite a bit about [Peters's] case" and "read a great deal in preparation for [the sentencing hearing.]" (*Id.*) And he recounted "carefully go[ing] through" the Presentence Report, the sentencing filings, and the complete record. (*Id.* at 934.)

The judge then accepted the government's concession that its previously requested statutory enhancement no longer applied after the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The government also agreed with Peters's position on drug quantity and with a base offense level of thirty-four instead of thirty-eight. Because the parties had "no other objections[,]" the judge "adopt[ed] the presentence investigation report findings and the guideline calculation as accurate." (*Id.* at 951.) And the judge reduced Peters's offense level by three levels to thirty-one on the government's unopposed motion for Peters's acceptance of responsibility. With Peters's criminal history category of IV, both parties and the court agreed "[t]hat results in an advisory guideline range of 151 to 188" months. (*Id.* at 952.) The parties also agreed that, under the First Step Act, "the mandatory minimum [for Peters] is ten years" with a maximum of life imprisonment. (*Id.* at 952–53.)

Because neither party had any departure motions, the judge then moved on to considering the § 3553(a) factors—a part of sentencing the judge explained that acknowledges Peters "[is] not

a math problem" and "[is instead] a flesh and blood person" with "complexities." (*Id.* at 953–54.) Those factors, the judge explained, ensure the district court "impose[s] a sentence sufficient, but no[t] greater than necessary, to comply with specific purposes[,]" including "to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, deter crime, protect the public, and provide [Peters] necessary correctional treatment in the most effective manner." (*Id.* at 954.) He then listed the § 3553(a) factors and explained that the guidelines serve as a "starting point, a benchmark that remain[s] in consideration throughout, but [the court is] not bound by the[m.]" (*Id.* at 954–55.)

The government and Peters's attorney then provided their arguments on how the judge should weigh the statutory factors. The government went first. It explained to the court that it believed Peters could not afford a fine and that it didn't believe one necessary. But it asked the court to impose 181 months' imprisonment and five years' supervised release for four reasons. First, it explained that the nature and circumstances of the offense—Kentucky's "tremendous problem . . . with crystal meth . . . flooding into th[e] district" as well as the fact that Peters not only participated in that problem but also served as "part of [a] supply chain" "of a cartel-based source"—supported imposing such a sentence. (*Id.* at 955–56.) Second, it pointed the court to Peters's history and characteristics that included a long history of prior convictions such as "DUIs," "contempt and probation violations, bench warrants[,]" and a "prior felony conviction involving the manufacture of methamphetamine." (*Id.* at 956–57.) It explained that history implicated the court's need to "promote respect for the law[,]" to "deter [] Peters from additional conduct[,]" and to "provide[] a just punishment." (*Id.* at 957.) Third, it explained the need to protect the public from "types of activity [] inherent in methamphetamine trafficking." (*Id.* at 958.) Last, the government explained that Peters could benefit from treatment options available

in prison for his substance abuse problems.  It explained the government's belief that Peters's "involvement" in drug trafficking originated from Peters's "own addiction[.]" (*Id.* at 959.)  So the government tailored its recommendations for imprisonment and supervised release to help Peters fix that problem.

Peters's attorney then spoke.  He urged the court to impose only 156 months' imprisonment.  He started off explaining that he would "not . . . disagree much with what [the government] sa[id] about the nature and circumstances surrounding the offense or [its] seriousness[.]" (*Id.* at 960.)  He also agreed with the government that Peters lacked the financial resources to pay a fine.

Peters's attorney then remarked on "[t]he unusual factor" in Peters's case—that Peters "[wa]s [at the time] just a few years younger" than his attorney.  (*Id.* at 960 (explaining that "most of the time [the attorney's] clients are younger than 35").)  The sentence advocated by Peters's attorney "would have [Peters] released right at about age 65." (*Id.*)  He also provided the court with further background on Peters.  He explained that Peters grew up "in an alcoholic home and became one[.]" (*Id.* at 961.)  Despite that reality, Peters "was able to shake" his alcoholism (albeit "not successfully" given Peters replaced his alcohol addiction with a methamphetamine one).  (*Id.*)  So Peters's attorney agreed with the government's position on a substance abuse program as well.  And his attorney encouraged the court to recommend the Bureau of Prisons evaluate Peters's education because an increase in education level "would reduce the chances of recidivism upon his release" after all, "especially considering [Peters's] advanced age." (*Id.*)  Peters's attorney then remarked on his proposed sentence, characterizing it as "a stiff" one, "consistent with the guidelines," as well as one that "would promote respect for the law" and "would serve some

deterrence objectives[.]" (*Id.* at 960 (describing the sentence as one "not at the bottom of" the guidelines but one that "would reconcile adequately the 3553(a) factors").)

And Peters spoke. Peters expressed interest in taking the substance abuse class recommended by the attorneys. He also let the court know "[he]'d like to do" the school the attorneys suggested. (*Id.* at 963.) And he closed by letting the court know: "Just the less time I get will be better off for me." (*Id.*)

The judge found 170 months' imprisonment the appropriate sentence. Before announcing that decision, the judge explained his reasoning. He started off by explaining to Peters Congress's role in sentencing, the sentencing guidelines, the judge's role, and the role of the appellate courts. He then let Peters know the "three compartments" into which the judge breaks sentencing and how Peters's situation measures under each. (*Id.* at 966.)

First, the judge hopes to promote "the purposes of sentencing[.]" (*Id.*) To do so, he considers the offense's seriousness as well as whether the sentence promotes or respects the law, is just, deters criminal conduct, protects the public, and provides treatment. He explained that Peters's crime "is a serious drug crime" or "a significant crime which calls for a significant sentence." (*Id.*) And he found an "evident lack of respect for the law" given Peters's record that included a "2011 meth-related felony" and given that, "within a year of [Peters's] parole, [he] w[as] engaging in [the] conduct that[] brought [Peters] [before the court]." (*Id.* at 973.) That showed the judge that Peters's prior "punish[ment]" for a similar crime "did not do the trick[.]" (*Id.*) The judge also found that conduct relevant in his consideration of deterrence, public protection, and criminal history (including drug recidivism). But he observed Peters committed no violent crimes. Peters did, however, "ha[ve] a history of going back to . . . meth trade." (*Id.* at 967–68 (describing Peters as "dangerous when it comes to methamphetamine").)

Second, the judge considers the statutory factors. As part of that consideration, he "tr[ies] to avoid disparities" so that "if [someone] commit[s] this crime anywhere in America" with the same criminal record, "[they] ought to get roughly the same result[.]" (*Id.* at 968–69 (calling this consideration "an idea of fairness across the country").) He also considers the crime's nature and circumstances—"high volume, high purity, meth trafficking over a lengthy period of time." (*Id.* at 969 (explaining that meth "[i]s poisoning people" and "[Peters's] life").) Peters's history and characteristics, like that of "most" people, also include "pluses and minuses[.]" (*Id.* at 970.) While Peters "kind of [had] a handle on" his alcohol abuse problem, methamphetamine (a substance with "its own real dangers to the community") became "the source of [his] problems." (*Id.* (describing Peters's record as one "of returning to meth activity").) But the judge remarked, "nobody's as bad as their worst conduct." (*Id.*) He noted that Peters had also completed parole successfully for his 2011 felony conviction; it seemed as if Peters overcame his alcohol issues and "had a decent work ethic through the years"—accomplishments the judge "admired and celebrated[.]" (*Id.* at 970–71.) And Peters's record also included "mitigating aspects" like his family issues. (*Id.* at 971.)

The judge then expounded on the importance of eduation, something Peters had little opportunity to complete. He explained that he believed in a strong relationship between education and freedom—freedom from "economic trouble," from "substance abuse trouble[,]" and from incarceration. (*Id.* at 972.) He let Peters know that age should not deter Peters from pursuing an education. And Peters's age in that context "sound[ed] young" anyways. (*Id.* at 971.) So the judge let Peters know he "really hope[d]" Peters would "embrace" education while serving his sentence. (*Id.* at 972.)

Third, the judge considers "parsimony"—"not giving any additional punishment than [the judge must] to serve the purposes [the judge] talked about." (*Id.* at 972–73.) He explained that he

must impose a sentence that "sufficiently meet[s] the [sentencing] purposes, but not [] any greater than is necessary." (*Id.* at 973.)

After walking through the three sentencing "compartments" and "consider[ing] everything[,]" the judge found no "basis for varying[.]" (*Id.* (explaining that he found the case "a guideline range case").) "[T]aking it all into account," the judge arrived at a sentence "sufficient and not greater than necessary to comply with the 3553 purposes"—170 months' imprisonment with five years' supervised release. (*Id.* at 974.) He also encouraged giving Peters access to the prison substance abuse program and to the "appropriate educational and vocational training[,]" including "the GED program." (*Id.*) The judge recommended Peters participate in appropriate mental and emotional health programs and that Peters get help with his physical health problems while in prison. And the judge recommended Peters "be placed at the facility closest to [his] home that [Peters] qualif[ied] for[.]" (*Id.* at 975–76.) The government, Peters's attorney, and Peters then conveyed they had no other objections. So the clerk explained to Peters his right to appeal and the judge thanked the parties and adjourned. Peters appeals.

**II.**

Peters raises one argument on appeal. He contends that the district court imposed a substantively unreasonable sentence because the "sentence of 170 months was greater than necessary to meet the 18 U.S.C. § 3553(a) statutory purposes of sentencing[.]" (Appellant's Br. at 11.) He argues the court "g[ave] too little weight to [Peters's] positive aspects supporting a lower sentence" and "too much weight to [] Peters['s] [] negative personal history and characteristics[.]" (*Id.* at 10.) Peters claims that the court weighed too heavily the seriousness of the crime and a concern of recidivism given Peters's prior conduct. But the court failed to give sufficient weight to the fact that Peters successfully completed parole once before and that he had

abstained from using alcohol since 2004. And in Peters's view, the court "g[a]ve[] insufficient weight to the argument that [] Peters['s] [] age supported a lesser sentence." (*Id.* at 15.)

"The defendant shoulders the burden of showing substantive unreasonableness." *United States v. Woodard*, 638 F.3d 506, 510 (6th Cir. 2011); *see also United States v. Massey*, 663 F.3d 852, 860 (6th Cir. 2011) (describing this as "no small burden" (quoting *United States v. Simmons*, 587 F.3d 348, 365 (6th Cir. 2009))). "[W]here a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one [factor]." *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013) (first alteration in original) (quoting *United States v. Thomas*, 437 F. App'x 456, 458 (6th Cir. 2011)).

"Sentences within a defendant's Guidelines range are presumptively substantively reasonable[.]" *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015). A substantively reasonable sentence "'must be proportionate to the seriousness of the circumstances of the offense and offender, and "sufficient but not greater than necessary, to comply with the purposes"' of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (quoting *United States v. Smith*, 505 F.3d 463, 470 (6th Cir. 2007)). A sentence is substantively unreasonable "if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors[,] or gives an unreasonable amount of weight to any pertinent factor." *United States v. Tristan-Madrigal*, 601 F.3d 629, 633 (6th Cir. 2010) (quoting *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008)). If a defendant raises a specific argument to support a lower sentence, the record must show that the district court considered the argument and explained the basis for rejecting it. *See United States v. Parrish*, 915 F.3d 1043, 1049 (6th Cir. 2019). The § 3553(a) factors require a court to consider "the nature and circumstances of [the defendant's]

conduct, [the defendant's] history and characteristics, the need for the sentence, sentencing disparities, and the need for restitution." *Pirosko*, 787 F.3d at 375; *see also* § 3553(a)(1), (a)(2).

We review a district court's legal determination about the guidelines de novo, its factual findings for clear error, and the substantive reasonableness of a sentence for abuse of discretion. *Pirosko*, 787 F.3d at 372. And "[r]egardless of whether we would have imposed the same sentence, we must afford due deference to the district court's decision to determine the appropriate length of the defendant's sentence, so long as it is justified in light of the relevant § 3553(a) factors." *United States v. Herrera-Zuniga*, 571 F.3d 568, 591 (6th Cir. 2009); *see United States v. Faulkner*, 926 F.3d 266, 273 (6th Cir. 2019) (explaining that a substantive-unreasonableness challenge to a sentence is "an uphill climb" because "[w]e grant considerable deference to the sentence imposed by the district court").

We find no reason to question the district court's judgment. We cannot find the sentence imposed by the judge substantively unreasonable. Peters does not (and cannot seriously) argue that the district court selected his sentence arbitrarily. Indeed, it's hard to imagine a judge doing a more thorough job at sentencing than what the trial court did here. It heard and considered each party's position on the appropriate sentence and reasoning for their respective positions. The judge then discussed the factors he usually considers during sentencing and explained how those factors weighed in Peters's case. "[C]onsider[ing] everything[,]" the judge then arrived at his conclusion to impose a within-guidelines sentence. (R. 215, Sentencing Tr., PageID 973.) He ultimately imposed 170 months' imprisonment after "[t]aking it all into account[.]" (*Id.* at 974.)

And there is no reason to conclude that the district court "g[a]ve[]an unreasonable amount of weight to any pertinent factor." *Tristan-Madrigal*, 601 F.3d at 633. This is not a situation in which "the district court focused almost entirely" on certain factors or "focus[ed on certain factors]

9

to the exclusion of other considerations" to reach its sentencing decision. *United States v. Demma*, 948 F.3d 722, 729 (6th Cir. 2020). Peters's argument that the judge gave "too little weight" to Peters's "positive aspects" or mitigating factors, *e.g.*, the successful completion of parole once before, and "too much weight" to the negative factors, *e.g.*, the seriousness of Peters's crime, amount to little more than the position that "the sentencing judge should have weighed the circumstances differently[.]" *United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008). But that argument is "beyond the scope of proper appellate review for substantive unreasonableness." *Id.* Thus, Peters has failed to rebut the presumption of reasonableness afforded to his within-guidelines sentences.[1]

### III.

Because the district court imposed a substantively reasonable sentence, we AFFIRM.

---

[1]We note that Peters's assertion that the district court "virtually overlooked or ignored" the argument that Peters's age should weigh in favor of a lighter sentence, (Appellant's Br. at 16.), also sounds like a claim that his sentence was procedurally unreasonable. *See United States v. Escalon-Velasquez*, 371 F. App'x 622, 624 (6th Cir. 2010) (treating the argument that the court "fail[ed] to address [an] argument head-on" as an argument that the sentence was procedurally unreasonable (quoting *United States v. Liou*, 491 F.3d 334, 339 n.4 (6th Cir. 2007))). But Peters mentions this concern within his single claim on appeal—that the sentence was not *substantively* reasonable.

Even if Peters had raised an argument that his sentence is procedurally unreasonable on those grounds, however, it would fail. The judge did not in fact "virtually overlook[] or ignore[]" the argument that Peters's age supported a shorter sentence. He instead made clear that he considered Peters's age by explicitly discussing it in another context (Peters's opportunity to get an education). "The record [also] makes clear that the sentencing judge listened to each argument" as well as engaged in a dialogue with the government, Peters's counsel, and Peters. *Rita v. United States*, 551 U.S. 338, 358 (2007); *see United States v. Swinney*, 728 F. App'x 485, 488 (6th Cir. 2018) (rejecting the argument "that the sentencing court failed to address [mitigating] arguments or explain why the judge rejected them" on that basis). And it makes clear that the judge "considered [*all*] the evidence and arguments" before him (including Peters's age), *Swinney*, 728 F. App'x at 488 (quoting *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008)), by both "consider[ing] *everything*" before arriving at the conclusion to impose a within-guidelines sentence and imposing the sentence only after "[t]aking it *all* into account[.]" (R. 215, Sentencing Tr., PageID 973–74 (emphasis added).)