NOT RECOMMENDED FOR PUBLICATION
File Name: 09a0402n.06
No. 08-1791
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jun 03, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| JERRY MIKOWSKI, | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |

**Before:** **SUTTON and GRIFFIN, Circuit Judges; LIOI, District Judge.**[*]

**SARA LIOI.** District Judge. Defendant Jerry Mikowski ("Mikowski") pled guilty to one count of distributing child pornography. The district judge imposed a sentence of 192 months—which represented a downward variance of 48 months from the guideline range—followed by a lifetime of supervised release. Mikowski seeks a remand for resentencing, arguing that his sentence was both procedurally and substantively unreasonable under the Due Process Clause of the Fifth Amendment. For the reasons that follow, we AFFIRM the sentence.

**I.**

On March 29, 2007, agents executed a search warrant at which time they seized a laptop belonging to Mikowski. (PSR ¶ 15.) A forensic examination of the laptop revealed 2,065 images and 41 movies containing child pornography; at least 38 of the images depicted children who were

---

[*]The Honorable Sara Lioi, United States District Judge for the Northern District of Ohio, sitting by designation.

bound, and some contained images of prepubescent children engaging in sex acts. (PSR ¶ 16; Transcript of Plea Hearing 28-29.)

Mikowski was charged with one count of distribution and one count of possession of images of minors engaging in sexually explicit content. (R. 6-9.) Pursuant to a plea agreement, the United States dismissed the possession count and Mikowski pled guilty to distribution. (R. 10-15.) The pre-sentence report indicated a guideline sentencing range of 240[1] months, followed by five years to life of supervised release; it recommended 240 months' imprisonment and supervised release for life. (PSR ¶¶ 77, 80.) Mikowski filed a motion for a downward variance, which included as an attachment a forensic psychological profile evaluation by Dr. Steven R. Miller, Ph.D. (*See, e.g.*, Transcript of Sentencing Hearing 13 (hereinafter "Tr.").)

At the sentencing hearing, defense counsel and the district judge entered into the following exchange:

> Mr. Karfonta: . . . [T]here is simply no evidence of any grooming[2] or acting out or talking about acting out of any nature in this case.
>
> The Court: And I appreciate that is the state of the record, but there is also his—come back at me if you disagree—isn't there clear evidence that left un-apprehended that that's where Mr. Mikowski was headed?
>
> Mr. Karfonta: Well, there is substantial feeling that that's what that means, but I come to my profession like Ms. Woods comes to hers, and I'm a huge believer in second chances, and I just—I'm not seeing it in this case.

(Tr. 25.) Shortly thereafter, defense counsel stated that there were "[n]o indications of any acting out by Mr. Mikowski, no indications he was headed in that direction, other than the fact that he was

---

[1] The guideline sentencing range was 262 to 327 months. However, because the maximum term of imprisonment for distribution of child pornography is 240 months, 18 U.S.C. § 2252(b)(1), the guideline range became 240 months.
[2] The term "grooming" refers to an adult forming a relationship with a minor for purposes of using the minor for sexual purposes in the future.

viewing these images, and if you take that as a generality, then you would have to conclude that." (Tr. 26.)

Mikowski then addressed the court on his own behalf (Tr. 27-28), after which the district judge proceeded to sentencing. The district judge noted that he must "impose a sentence sufficient but not greater than necessary to comply with the purposes of sentencing set forth in 18. U.S. Code 3553(a)," and he correctly listed the § 3553(a) factors. (Tr. 29-30.) Though acknowledging that "the guidelines are advisory to the Court," the district judge announced that he had "taken [them] into account as an initial benchmark or a starting point when sentencing in this case." (Tr. 29.)

The district judge noted that Mikowski had a long history of alcohol abuse that led to a string of underage possession convictions and one conviction for impaired driving. (Tr. 30-31.) That being said, the district judge also found that Mikowski "did reasonably well in school," had "engaged in significant employment pursuits" since his arrest, and had complied with the terms of his bond release. (Tr. 31.) The district judge then went on to say:

> I'm also—I was also very impressed, as I've indicated briefly before, very impressed with Dr. Miller's report. It seemed—it's one of the most thorough and balanced reports that I have seen in my time on—my short time on the federal bench, but also my much longer period of time on the state bench.
>
> . . .
>
> . . . This report has some very troubling aspects to it, but it clearly also shows that Mr. Mikowski has a significant chance that once released from prison that he will not engage in this activity before [sic]. My interpretation of the report is that, however, is that Mr. Mikowski was well on his way to much more significant criminal activity left un-apprehended. And Mr. Mikowski impresses me as being an individual who is contrite now, and to the extent that his apprehension prevented him from what I think he was going to be, based on my review of the report, and I think this is clearly a potential conclusion, and the conclusion that I draw from the report, is that left un-apprehended, Mr. Mikowski was going to harm somebody. But that's not the circumstance that we have in front of us here today, fortunately for Mr. Mikowski, otherwise, while my sentence is going to be a significant one here, he would be facing much more time under those circumstances.

(Tr. 31-32.)

3

The district judge noted that Mikowski had more than 5,000 images of child pornography on his computer[3] (Tr. 32), which was the largest number of images he had seen (Tr. 27). Of those images, the district judge found, at least thirty-eight depicted bondage. (Tr. 33.) He also found that Mikowski's "looking for toddlers reference is one that is extremely difficult for this Court, and it's a significant aggravating factor." (Tr. 32.) The district judge stated that child pornography is considered an extremely serious offense that creates a "victimization" of and "continuing harm [to] these young children," and that the sentence needed to serve the interests of "general deterrence of others who would contemplate engaging in the trading of pornographic materials of this nature involving children." (Tr. 33-34.)

In light of these facts, the district judge concluded that the mandatory minimum sentence of five years was "wholly inappropriate." (Tr. 35.) However, the district judge found it "extremely important" that Mikowski did not molest any children or engage in grooming activity, and accordingly he granted in part Mikowski's motion for a downward variance.[4] (Tr. 32, 35-36.) The district judge sentenced Mikowski to 192 months' imprisonment followed by a lifetime of supervised release. (Tr. 36-37.)

Upon pronouncement of the sentence, the district judge asked if there were "[a]ny legal objections to the sentence imposed," to which defense counsel replied: "Yes, as stated." (Tr. 38-39.) This appeal followed.

## II.

Under the post-*Booker* advisory guidelines scheme, we review a defendant's sentence for reasonableness. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). This includes review for both

---

[3] Under the Sentencing Guidelines, each video containing child pornography is equivalent to 75 images of child pornography. U.S.S.G. § 2G2.2, Commentary 4(B)(ii).
[4] Mikowski asked the district court to impose the minimum sentence of five years.

procedural and substantive reasonableness. *Id.* at 597. Mikowski argues that his sentence is both procedurally and substantively unreasonable.

**A.**

For any sentence, whether within or outside of the guideline range, an appellate court must first determine whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Id.* Where a district court has committed a significant procedural error, remand for resentencing is necessary. *See, e.g.*, *United States v. Garcia-Robles*, 562 F.3d 763 (6th Cir. 2009) (vacating sentence as procedurally unreasonable and remanding for resentencing).

Mikowski argues that his sentence was procedurally unreasonable because the district court substantially based his sentence upon a clearly erroneous finding of fact—namely, that if "left un-apprehended, Mr. Mikowski was going to harm somebody." (Tr. 32.) In order to preserve a claim of procedural error for appellate review, a defendant must object to the alleged procedural error at the sentencing hearing. *United States v. Vonner*, 516 F.3d 382, 385 (6th Cir. 2008) (en banc). Where a defendant is given an opportunity to object but fails to do so, the procedural reasonableness of his sentence is reviewed for plain error. *Id.* at 386. Otherwise, it is reviewed for abuse of discretion. *Gall*, 128 S. Ct. at 597.

Mikowski urges that his counsel objected to the allegedly clearly erroneous statement, whereas the government argues that he did not. We need not address this issue because regardless of the standard of review, the record is clear that the district judge did not "select[] a sentence based on" the statement. *Id.* at 597. Indeed, upon acknowledging his view "that left un-apprehended, Mr.

Mikowski was going to harm somebody," the district judge immediately added: "But that's not the circumstance that we have in front of us here today, fortunately for Mr. Mikowski, otherwise . . . he would be facing much more time . . . ." (Tr. 32.) This explanation indicates that the district judge disavowed any reliance upon his aforesaid statement in selecting Mikowski's sentence.

As if that were not enough, the district judge later noted that he found it "extremely important" that "there was no grooming [and] there was no victimization of young children beyond the use of the pictures," and accordingly he granted a downward variance. (Tr. 35.) The district judge also conceded that the "thorough and balanced" and "very impress[ive]" Miller Report "clearly . . . shows that Mr. Mikowski has a significant chance that once released from prison that he will not engage in this activity [as] before." (Tr. 31-32.) He determined, however, that "the more important nature of deterrence here is the general deterrence of others who would contemplate engaging in the trading of pornographic materials of this nature involving children." (Tr. 33-34.) These statements show that the district judge did not base Mikowski's sentence on the potential that, if left unapprehended, he may have caused harm to others—in fact, the district judge granted a downward variance precisely because he found that Mikowski's only wrongful conduct was sharing illegal images.

In short, the record shows that the district judge did not select Mikowski's sentence, even in part, based upon clearly erroneous findings of fact. Therefore, Mikowski's sentence was procedurally reasonable.

6

**B.**

Once a reviewing court has determined that a district court committed no significant procedural error, it then must consider whether the sentence was substantively reasonable.[5] *Gall*, 128 S. Ct. at 597. "A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Kirchhof*, 505 F.3d 409, 413 (6th Cir. 2007) (quoting *United States v. Husein*, 478 F.3d 318, 332 (6th Cir. 2007)). As "appellate review of sentencing decisions is limited to determining whether they are 'reasonable,'" we review the substantive reasonableness of a sentence under an abuse of discretion standard. *Gall*, 128 S. Ct. at 594, 597.

This case is somewhat unusual in that Mikowski challenges a downward variance as substantively unreasonable because, in his view, it was not large enough. Thus, "this court must determine whether the considerations based upon § 3553(a) are so compelling as to necessitate a shorter sentence." *Kirchhof*, 505 F.3d at 414-15. In reviewing the sentence, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 128 S. Ct. at 597.

Mikowski argues generally that the district judge "failed to identify the characteristics peculiar to this Defendant that justified this sentence."[6] (Brief of Appellant at 23.) A review of the record shows that Mikowski is wrong. As detailed in Section I, *supra*, the district judge thoroughly considered the totality of the facts in the case—including all the mitigating facts that Mikowski

---

[5] Whether Mikowski objected to the substantive unreasonableness of his sentence during the hearing is irrelevant to this analysis, as he was not obligated to do so in order to preserve the issue for review. *Vonner*, 516 F.3d at 389.

[6] This argument seems more appropriate for a procedural reasonableness challenge than a substantive one. However, since Mikowski only raises this argument as justification for a claim of substantive unreasonableness, we will consider it accordingly.

rehashes in his briefing to this Court—and crafted a sentence, below the guideline range, that he believed appropriately took into account the § 3553(a) factors. There is no indication that Mikowski's sentence was arbitrary, based upon impermissible factors, or due to the district judge's failure to consider a pertinent § 3553(a) factor or the unreasonable weighting of a particular factor. *Kirchhof*, 505 F.3d at 413. Further, though Mikowski may have shown that the district judge could reasonably have granted an even greater downward variance, he has not shown that the facts of this case "are so compelling as to necessitate" as much. *Id.* at 414-15; *see also Gall*, 128 S. Ct. at 597 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). We therefore find no abuse of sentencing discretion.

Mikowski suggests that his sentence should be overturned because another defendant, in *United States v. Grossman*, 513 F.3d 592 (6th Cir. 2008), received a shorter sentence for conduct allegedly more egregious than his own. This argument is unavailing. First, the need to avoid sentencing disparities under Section 3553(a)(6) concerns "national disparities," not disparities between specific cases. *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007); *United States v. Rochon*, No. 07-5429, 2009 WL 792893, at *3 (6th Cir. Mar. 27, 2009) (citing *United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2008)). "Therefore, this court's review of substantive reasonableness 'starts with the sentencing estimate provided by the Sentencing Commission,' not the sentences received by other individual defendants." *Kirchhof*, 505 F.3d at 416 (citation omitted). Within-guidelines sentences are presumed to be substantively reasonable. *United States v. Higgins*, 557 F.3d 381, 398 (6th Cir. 2009) (citing *Vonner*, 516 F.3d at 389-90). However, where, as here, a defendant receives a below-guidelines sentence and the government does not appeal, the defendant must make the greater showing that "the considerations based upon § 3553(a) are so compelling as

8

to necessitate a shorter sentence." *Kirchhof*, 505 F.3d at 414-15. Mikowski has provided no indication that, in light of defendants across the nation with records and conduct similar to his own, the § 3553(a) factors compel an even greater downward variance than what he received.

In any event, *Grossman* does not present such an unwarranted disparity. In that case, the defendant received a 66-month prison term followed by 10 years of supervised release for possession of child pornography, which represented a downward departure from the guideline range of 120 months' imprisonment, followed by 10 years of supervised release. *Grossman*, 513 F.3d at 594-95. There is no indication that the defendant in *Grossman* had a "similar record[]" or was "found guilty of similar conduct[]" to Mikowski with respect to other facts in this case. *See* 18 U.S.C. § 3353(a)(6). Indeed, the defendant in *Grossman* was convicted of a lesser offense than Mikowski, and it does not appear that the defendant in *Grossman* possessed 5,000 images of child pornography, had a prior criminal record, made a "looking 4 toddlers" reference, or reported masturbatory fantasies of sex with pre-pubescent girls.

Finally, analogizing the child pornography guidelines to the crack-cocaine guidelines at issue in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), Mikowski argues that the child pornography guidelines are based predominantly on statutory mandatory minima and not empirical support or national experience, and, therefore, they generally "fail[] to satisfy the purposes of § 3553(a) and yield[] a sentence that is greater than necessary." (Brief of Appellant at 32.) To support his claim, Mikowski cites the 2007 Sentencing Commission Sourcebook[7] and a handful of cases upholding

---

[7] Mikowski notes, based upon the 2007 Sentencing Commission Sourcebook, that "33 percent" (actually 34 percent) of child pornography defendants received sentences below the guidelines range. However, Mikowski's intimation that this demonstrates that the child pornography guidelines are fatally flawed is not convincing. First, Mikowski ignores the other edge of the sword: that two-thirds of child pornography defendants received within-guidelines sentences or upward departures. Moreover, the 34 percent below-guidelines rate for child pornography offenses is not substantially different from the below-guidelines rates for many other federal crimes, such as aggravated assault, U.S.S.G. § 2A2.2 (27%); obstructing or impeding officers, § 2A2.4 (30%); threatening/harassing communications or hoaxes, § 2A6.1 (28%); burglary, § 2B2.1 (39%); robbery, § 2B3.1 (34%); offering, giving, soliciting, or receiving a bribe, § 2C1.1

downward variances in child pornography cases.[8]  The flaw in Mikowski's logic is obvious.  In

*Kimbrough*, the Supreme Court held that, because the crack-cocaine guidelines were predominantly

based on statutory minimum sentences and not empirical data or national experience, "it would not

be an abuse of discretion for a district court to conclude when sentencing a particular defendant that

the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s

purposes, even in a mine-run case." *Kimbrough*, 128 S. Ct. at 575.  However, even if it were true

that district courts, based on the reasoning of *Kimbrough*, *may* impose below-guideline sentences

for child pornography offenses solely based upon policy disagreements with those guidelines,[9] such

does not entail that they *must* do so.  As the Seventh Circuit reasoned when confronted with a

similar argument:

> Despite *Kimbrough*, the crack guidelines, to which [defendant] so energetically
> analogizes those for child-exploitation, remain valid.  And judges are not *required*
> to disagree with the crack guidelines; a within-guidelines sentence may be
> reasonable.  The child-exploitation guidelines are no different: while district courts
> perhaps have the freedom to sentence below the child-pornography guidelines based
> on disagreement with the guidelines, they are certainly not required to do so.

*United States v. Huffstatler*, 561 F.3d 694, 697-98 (7th Cir. 2009) (citations omitted; emphases in

original); *see also Kirchhof*, 505 F.3d at 414 (rejecting facial challenge to reasonableness of

---

(58%); gambling/animal fighting offenses, § 2E3.1 (40%); promoting a commercial sex act or prohibited sexual conduct with another adult, § 2G1.1 (40%); obstruction of justice, § 2J1.2 (49%); unlawfully remaining or entering in the United States, § 2L1.2 (41%); offenses involving fish, wildlife, or plants, § 2Q2.1 (43%); structuring transactions to evade reporting requirements, failing to report transactions, or knowingly filing false financial reports, § 2S1.3 (41%); or misprision of felony, § 2X4.1 (31%), among others.

[8] The cases are *United States v. Rowan*, 530 F.3d 379 (5th Cir. 2008); *Grossman*, 513 F.3d at 592; and *United States v. Beach*, 275 F. App'x 529 (6th Cir. 2008).  Mikowski also cites *United States v. Baird*, 580 F. Supp. 2d 889 (D. Neb. 2008), which granted a downward departure on the grounds of a policy disagreement with the child pornography guidelines.  *Id.* at 894-95.

[9] We need not decide this issue in the present case, as the district judge did not base his sentence upon a policy disagreement with the child pornography guidelines.  This Court has noted earlier, however, that "[t]he extent to which a district court may offer a wholesale disagreement with a guideline as the basis for a variance remains unclear after *Kimbrough*."  *Grossman*, 513 F.3d at 597.

recommended guideline range for child pornography cases).  We therefore decline Mikowski's invitation to *de facto* invalidate an entire section of the Sentencing Guidelines.

Mikowski has offered no evidence suggesting that his below-guidelines sentence was arbitrary or based upon impermissible factors, or that the district judge failed to consider pertinent § 3553(a) factors or gave an unreasonable amount of weight to any pertinent factor.  Therefore, we hold that Mikowski's below-guidelines sentence is substantively reasonable.

### III.

For the foregoing reasons, we AFFIRM the sentence of the district court.