**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0537n.06

**No. 09-3281**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Aug 20, 2010**
LEONARD GREEN, Clerk

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff-Appellee,** | |
| **v.** | **ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE** |
| **SCOTT BERRINGER,** | **NORTHERN DISTRICT OF OHIO** |
| **Defendant-Appellant.** | |
| _____/ | **OPINION** |

**Before:** **BOGGS and CLAY, Circuit Judges; and WISEMAN, District Judge.**[*]

**CLAY, Circuit Judge.** Defendant Scott Andrew Berringer appeals from a judgment entered by the district court sentencing Defendant to 230 months' imprisonment for one count of receipt or distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A). On appeal, Defendant argues that the district court improperly determined his adjusted offense level and that the district court's use of the sentencing guidelines in a child pornography case results in the imposition of an illogical and unreasonable sentence. For the reasons stated below, we **AFFIRM** the judgment of the district court.

_____

[*]The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

## I. BACKGROUND

### A.    Factual Background

On May 12, 2008, Detective Janek of the Ashtabula, Ohio police department received information from Rhonda Berringer, Defendant Scott Berringer's wife, indicating that Defendant had downloaded pornographic images and videos of children onto his home computer network located at their residence in Ashtabula.  On May 13, 2008, Detective Janek executed a search warrant on Defendant's house and seized nine computers and other digital media.  Detective Janek subsequently turned over the evidence for forensic examination.

Rhonda Berringer has two children—Victim #1, age 12, and Victim #2, age 11—both of whom were Defendant's stepdaughters. On May 13, 2008, Detective Janek interviewed Victim #1, who stated that on May 10, 2008, Defendant and Victim #1 had been riding their bicycles together and Defendant asked Victim #1 to take a shower with him when they returned home.  That same day, Detective Janek also interviewed Victim #2, who stated that Defendant had previously asked Victim #2 to take a shower with him as well.  Victim #2 further stated that Defendant had previously asked Victim #2 to watch pornographic movies with him on his computer.

On May 21, 2008, FBI Special Agent Charles Sullivan interviewed Rhonda Berringer. Berringer stated that Defendant utilized his computer network for a variety of things, including downloading images and videos of child pornography.  She also said that Defendant told her in the past that he wanted to show images and videos of adult and child pornography to the two children so that they could learn about sex.  Berringer stated that she told Defendant she did not want her children to learn about sex in such a fashion.

On May 23, 2008, Special Agent Sullivan interviewed Defendant, who admitted that he had in excess of twenty gigabytes of child pornography images and video saved on the two computers he used most often. Defendant also admitted to sexual contact with one of his stepdaughters. Defendant first detailed an event that happened between him, one of his stepdaughters, and his wife. Defendant stated that in January or February of 2007, his stepdaughter, who was 11 or 12 years old at the time, became curious about how a male has an orgasm. Rhonda Berringer told Defendant that she wanted to show her daughter how a male has an orgasm, using Defendant's body as an example. Defendant allegedly replied "I suppose," and removed his underwear so that he was totally naked. Berringer and her daughter then began to masturbate Defendant, who became sexually aroused, at which point Berringer and Defendant allowed the girl to masturbate Defendant without her mother's assistance. Defendant stated that his stepdaughter masturbated him until he had an orgasm.

Defendant also said that sometime during February or March 2007, the same stepdaughter approached him in his computer room and stated that "she knows how a girl does a guy with hands, but how does a guy do this to a girl?" Defendant stated that he and his stepdaughter walked into the living room and sat next to each other on the sofa. Defendant then began rubbing the girl's vagina through her clothes until, according to Defendant, the girl pulled down her shorts and panties, at which time Defendant began rubbing her vagina. Defendant stated that he knew his stepdaughter was sexually aroused because her vagina was wet. Defendant stated that he did not penetrate the girl's vagina with his fingers and that he never informed his wife of this incident.

Forensic investigation revealed that Defendant had at least 343 videos and 52 images depicting child pornography. The videos included children as young as six years old being subjected

to oral sex, anal and vaginal intercourse, bondage, and bestiality, and at least two children having foreign objects inserted in their anuses. In total, Defendant had in excess of 25,725 images of child pornography on his computer.[1]

## B.     Procedural History

On June 25, 2008, Defendant was charged with one count of knowingly receiving and distributing "child pornography that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer," in violation of 18 U.S.C. § 2252A(a)(2)(A). On December 11, 2008, Defendant pled guilty to the charge without the benefit of a plea agreement. A presentence report ("PSR") was prepared.

Pursuant to USSG § 2G2.2(a)(2), the PSR calculated Defendant's base offense level as 22. Defendant received several enhancements: (1) a two-level enhancement because the material involved a prepubescent minor or a minor who had not reached the age of 12 years old, pursuant to USSG § 2G2.2(b)(2); (2) a two-level enhancement because the offense involved distribution, pursuant to USSG § 2G2.2(b)(3)(F); (3) a four-level enhancement because the material portrayed sadistic or masochistic conduct or other depictions of violence, pursuant to USSG § 2G2.2(b)(4); (4) a five-level increase because Defendant engaged in a "pattern of activity involving the sexual abuse or exploitation of a minor," pursuant to USSG § 2G2.2(b)(5);[2] (5) a two-level increase because

---

[1]For purposes of determining the number of images, each video or similar visual depiction is equivalent to 75 images of child pornography. USSG § 2G2.2 cmt. n.4(B)(ii). If the length of the visual depiction is substantially more than five minutes, an upward departure may be warranted. *Id.*

[2]This enhancement was based on Defendant's pending state court case regarding his sexual contact with his stepdaughter.

the offense involved the use of a computer or interactive computer service for the possession, transmission, receipt, or distribution of material, pursuant to USSG § 2G2.2(b)(6); and (6) a five-level increase because the offense involved 600 or more images, pursuant to USSG § 2G2.2(b)(7)(D). This resulted in an adjusted offense level of 42. Defendant also received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 39.

Defendant had one criminal history point, which corresponded to criminal history category I. Defendant's total offense level of 39 and criminal history category of I resulted in a guidelines range of 262-327 months' imprisonment. However, the statutory maximum for violating 18 U.S.C. § 2252A(a)(2)(A) is 240 months, *see* 18 U.S.C. § 2252A(b)(1), and thus pursuant to USSG § 5G1.1, Defendant's guidelines term was 240 months.

Defendant filed several objections to the PSR regarding the calculation of his offense level. Defendant filed a general objection to the enhancement of his sentence. Defendant also filed specific objections to: (1) the two-level enhancement for distribution; (2) the five-level enhancement based on a "pattern of activity involving the sexual abuse or exploitation of a minor"; and (3) the PSR's failure to include a two-level downward adjustment pursuant to USSG § 2G2.2(b)(1) based on Defendant's assertion that his conduct was limited to the receipt of the materials.

Both parties submitted sentencing memoranda and the district court held a sentencing hearing on March 3, 2009. The district court calculated Defendant's sentence in accordance with the PSR, with the exception that the court declined to include the two-level enhancement for distribution. Thus, the district court calculated Defendant's offense level as 37, which, given his criminal history category of I, resulted in a guidelines range of 210-262 months' imprisonment. Taking into account

the statutory maximum, Defendant's effective guidelines range was 210-240 months' imprisonment. The court sentenced Defendant to 230 months' imprisonment.

## II.  DISCUSSION

### A.      Standard of Review

We review sentencing decisions for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  The reasonableness  determination has both procedural and substantive components.  *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007).  In analyzing the reasonableness of a sentence, our analysis begins with a review of the "factors evaluated and the procedures employed by the district court in reaching its sentencing determination." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005).  A district court abuses its sentencing discretion by

> committ[ing] [a] significant procedural error, *such as failing to calculate (or improperly calculating) the Guidelines range*, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range.

*United States v. Alexander*, 543 F.3d 819, 822 (6th Cir. 2008) (quoting *Gall*, 552 U.S. at 51) (emphasis added) (second alteration in original).

Assuming the sentence is procedurally reasonable, the Court should then consider the substantive reasonableness of the sentence.  "[A] sentence may be substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Phinazee*, 515 F.3d 511, 514 (6th Cir. 2008) (quoting *United States v.*

*Borho*, 485 F.3d 904, 908 (6th Cir. 2007)) (alteration in original) (internal quotation marks omitted). In evaluating the substantive reasonableness of a sentence, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. For sentences within the applicable guidelines range, the Court applies a rebuttable presumption of substantive reasonableness. *United States v. Wilms*, 495 F.3d 277, 280 (6th Cir. 2007). The Court should not, however, apply a presumption of unreasonableness to sentences outside the applicable guidelines range. *Bolds*, 511 F.3d at 581 (citing *Gall*, 552 U.S. at 51).

We review the district court's legal conclusions *de novo* and its factual findings for clear error. *United States v. Lalonde*, 509 F.3d 750, 763 (6th Cir. 2007). "A factual finding is clearly erroneous 'when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *United States v. McGee*, 494 F.3d 551, 554 (6th Cir. 2007)). The Court gives deference to the district court's application of the sentencing guidelines to the facts. *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009).

### B.      Analysis

#### 1.       Procedural Reasonableness

In his first assignment of error, Defendant argues that the imposition of a five-level enhancement based on a "pattern of activity involving the sexual abuse or exploitation of a minor," which stemmed from allegations that he sexually abused his stepdaughter, was improper because it violated his rights under the Double Jeopardy and Confrontation Clauses of the Constitution. Specifically, Defendant argues that he was "incapable of defending himself against identical claims

in multiple courts at the same time, and was subject to simultaneous punishments in separate [c]ourts for identical acts." (Br. of Appellant 15.)

Defendant's double jeopardy argument is precluded by the dual sovereignty doctrine whereby it is constitutional for federal and state governments both to prosecute a defendant for what would otherwise constitute the same offense under the Fifth Amendment. *See Bartkus v. Illinois*, 359 U.S. 121, 128-29 (1959); *United States v. Deitz*, 577 F.3d 672, 686 (6th Cir. 2009). In actuality, however, there is not even a dual prosecution in this case—the government only used the facts concerning sexual abuse as the basis for a sentencing enhancement, not as the basis for an additional prosecution.

Moreover, pursuant to 18 U.S.C. § 3661, there is "[n]o limitation . . . on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." Indeed, sentencing courts are required to consider the "history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). As this Court has previously stated, "a court may properly consider the defendant's past conduct in determining punishment, including evidence of crimes for which the defendant has not yet been convicted." *Potter v. Yukins*, 6 F. App'x 295, 297 (6th Cir. 2001); *see United States v. Alford*, 332 F. App'x 275, 284 (6th Cir. 2009) (holding that the district court did not err in considering the defendant's pending charges while selecting a sentence within the advisory guideline range); *see also United States v. Campbell*, 221 F. App'x 459, 461 (7th Cir. 2007) (stating that the sentencing judge may consider pending charges when sentencing the defendant); *Bourgeois v. Whitley*, 784 F.2d 718, 720 (5th Cir. 1986) (noting that a sentencing judge "may properly consider

a defendant's past conduct, including evidence of crimes for which the defendant has been indicted but not convicted").

Defendant's confrontation argument similarly fails. The guidelines define a "pattern of activity involving the sexual abuse or exploitation of a minor" as "any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same minor; or (C) resulted in a conviction for such conduct." USSG § 2G2.2 cmt. n.1. The applicability of the pattern-of-abuse enhancement is a factual determination that the sentencing court need find only by a preponderance of evidence. *United States v. Sexton*, 512 F.3d 326, 330 (6th Cir. 2008). As the Ninth Circuit has stated, USSG § 2G2.2 "obviously intends to cast a wide net to draw in any conceivable history of sexual abuse or exploitation of children." *United States v. Garner*, 490 F.3d 739, 743 (9th Cir. 2007).

At the sentencing hearing, Special Agent Sullivan testified regarding his observations when Defendant's stepchildren were interviewed. Specifically, Special Agent Sullivan testified that one of the children "indicated a time where she was present with Rhonda [Berringer] and [Defendant] and she masturbated [Defendant]." (Sentencing Tr. 50.) Special Agent Sullivan also testified that the same child stated that "on numerous occasions . . . [Defendant] would view child pornography videos and images in the common areas of the house where [she] and her sister were present" and she "talk[ed] about an incident where [Defendant] fondled her vagina." (Sentencing Tr. 50-51.)

Defendant's confrontation argument seems to be that the district court's reliance on Special Agent Sullivan's testimony was in error because such testimony was impermissible hearsay and

9

deprived him of the right to cross-examine his accusers. This argument fails, however, because as this Court has previously noted, the "Confrontation Clause permits the admission of testimonial hearsay evidence at sentencing proceedings," and therefore, "testimonial hearsay does not affect a defendant's right to confrontation at sentencing." *United States v. Paull*, 551 F.3d 516, 527 (6th Cir. 2009) (internal quotation marks omitted); *see also United States v. Stone*, 432 F.3d 651, 654 (6th Cir. 2005) (noting that "the confrontation clause does not apply in sentencing proceedings"). Pursuant to the guidelines, a sentencing court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3(a); *see United States v. Silverman*, 976 F.2d 1502, 1511 (6th Cir. 1992) (en banc) ("So long as the evidence in the presentence report bears 'some minimal indicia of reliability in respect of defendant's right to due process,' the district court, after adoption of the guidelines, may still continue to consider and rely on hearsay evidence without any confrontation requirement." (quoting *United States v. Robinson*, 898 F.2d 1111, 1115 (6th Cir. 1991))).

The district court concluded that Special Agent Sullivan's testimony was credible and "had . . . sufficient indicia of reliability for [the] court to consider [it] and to support [its] probable accuracy." (Sentencing Tr. 53.) Moreover, the district court also relied on Defendant's own statements admitting that he had sexual contact with his stepdaughter.[3] Clearly, Defendant's own

---

[3]Defendant did not object to the paragraphs in the PSR detailing his sexual encounters with his stepdaughter. Thus, Defendant is bound by these facts. *See United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009) (noting that the defendant was "bound by the factual allegations in the PSR to which he did not object").

admissions, which are contrary to his interests, bear sufficient indicia of reliability. The district court noted as much, stating that "a person who did not commit those types of offenses would not make those sorts of statements, or a person who did not engage in that type of conduct would not make those types of statements that such conduct was engaged in, and, therefore, the court accepts the statements." (Sentencing Tr. 54.) Accordingly, we conclude that the district court's finding that the five-level enhancement based on the pattern-of-abuse provision was not clearly erroneous.

Defendant next contends that the district court improperly denied Defendant a two-level reduction based on his lack of intent to distribute the pornographic material pursuant to USSG § 2G2.2(b)(1). Specifically, Defendant argues that there were no "reliable indicia that [he] intended to distribute materials of child pornography," and that the district court's failure to grant the two-level reduction "resulted in an additional improper enhancement of [his] advisory sentencing guidelines range." (Appellant's Br. 15.)

USSG § 2G2.2(b)(1) states that if the defendant has a base level of 22, "the defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor," and "the defendant did not intend to traffic in, or distribute, such material, decrease [the defendant's offense level] by 2 levels." "Distribution" is defined as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." USSG § 2G2.2 cmt. n.1. Distribution includes "posting material involving the sexual exploitation of a minor on a website for public viewing but does not include the mere solicitation of such material by a defendant." *Id.*

11

In considering Defendant's argument that he was entitled to the two-level reduction, the district court stated the following:

> [T]he court finds that the defendant is not entitled to a two-point reduction based upon section 2G2.2[(b)(1)] . . . because the court finds that the defendant's conduct was not limited to the receipt or solicitation of material involving the exploitation of a minor. But instead, the defendant did show the materials to his wife and may have permitted the stepdaughter to see and certainly indicated to his wife that he intended for the stepdaughter to see the material, so the court finds that the two-level reduction sought by the defendant is not appropriate in this case.

(Sentencing Tr. 56-57.)

We conclude that the district court did not improperly deny Defendant's request for the two-level reduction in offense level. It is undisputed that Defendant meets the first requirement since he has a base offense level of 22. However, the district court concluded that Defendant does not meet the second prerequisite for a reduction in offense level—that his conduct be "limited to the receipt or solicitation of material involving the sexual exploitation of a minor"—because Defendant's conduct also included showing the pornographic materials to his wife and exposing the material to his stepchildren by viewing it in their presence. Given the circumstances and explanation articulated by the district court, we cannot say that its determination regarding the inapplicability of the two-level reduction was clearly erroneous.

Because the district court's findings regarding the applicability of the five-level enhancement and the inapplicability of the two-level reduction were not clearly erroneous, we conclude that the district court did not improperly calculate Defendant's applicable guidelines range. Accordingly, Defendant's sentence is not procedurally unreasonable.

### 3. Substantive Reasonableness

Defendant argues that the district court improperly deferred to seriously flawed sentencing guidelines for child pornography cases. Defendant argues that because the sentencing guidelines applicable in child pornography cases are not based on the same empirical analysis as other guidelines promulgated by the Sentencing Commission, the child pornography guidelines are entitled to little deference by the district court. Defendant contends that because the enhancements in child pornography cases apply in the majority of cases, the enhancements no longer constitute enhancements, but rather represent the norm in these kinds of cases. Consequently, asserts Defendant, the child pornography guidelines do not satisfy the overarching duty of sentencing courts to "impose a sentence sufficient, but not greater than necessary," to accomplish the goals of sentencing.

In *Kimbrough v. United States*, 552 U.S. 85, 109 (2007), the Supreme Court concluded that because the crack cocaine sentencing guidelines were based predominantly on statutory minimum sentences and not on empirical data or national experience, "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes." As this Court has noted, "[s]ome district courts have accepted [Defendant's] argument." *United States v. Keith*, 363 F. App'x 377, 381 (6th Cir. 2010). However, "even if it were true that district courts, based on the reasoning of *Kimbrough*, *may* impose below-guidelines sentences for child pornography offenses solely based upon policy disagreements with those guidelines, such does not entail that they *must* do so." *United States v. Mikowski*, 332 F. App'x 250, 256 (6th Cir. 2009). Although "district courts

perhaps have the freedom to sentence below the child-pornography guidelines based on disagreement with the guidelines, they are certainly not required to do so." *Id.*

In this case, the district court considered Defendant's argument regarding the guidelines enhancements, but concluded that there was a rational basis underlying each enhancement. Specifically, the court concluded that "there's a rationale [sic] basis to differentiate between number of images," there is a "rationale [sic] basis to apply an enhancement when the images are sadistic or masochistic," there is a rational basis for distinguishing between "images of prepubescent minors versus more fully developed late teens," and there is a rational basis for "provid[ing] an enhancement for computer-based pornography." (Sentencing Tr. 52-53.) The court considered Defendant's argument, but decided not to impose a below-guidelines sentence.

Defendant offers no evidence that the district court selected the sentence arbitrarily, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor. Accordingly, we conclude that Defendant's within-guidelines sentence is not substantively unreasonable.

### III. CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the district court.